JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Defendant-appellant Joseph Halliwell appeals from the trial court's order granting the State's motion to dismiss and denying defendant's petition for post-conviction relief without a hearing as untimely filed. For the reasons hereinafter stated, we find no merit to the appeal and affirm.
On June 13, 1995, Orange Village Police responded to a call from the residence of Fay Drusinksy, the victim, at 114 Stonebrooke in Orange Village, where police found the victim's patio door broken along with a substantial amount of vandalism. This vandalism included menacing threats scrawled in the victim's home, including: "Dead on sight," written in the master bedroom sink; and the word "liar" with a swastika carved into the drywall above the master bed. The police also found in the victim's garage a knife that stuck straight up in the passenger seat of Ms. Drusinsky's Jeep Cherokee. Ms. Drusinsky gave the police a signed written statement in which she stated that the defendant assaulted her and was verbally abusive.
The defendant was charged in a three count indictment resulting from the June 13th episodes: Count One, aggravated menacing (R.C. 2903.021); Count Two, aggravated burglary (R.C. 2911.11); and Count Three, vandalism (R.C. 2909.05).
On September 27, 1995, the defendant pled guilty to Counts One and Three, as well as an amended Count Two, simple burglary (R.C.2911.12), an aggravated felony of the second degree, punishable by a possible term of incarceration. On December 8, 1995, the defendant was sentenced to six months on Count One; four to fifteen years on amended Count Two, concurrent with Count One; and one year, consecutive with the other two counts, on Count Three.
On December 13, 1995, the defendant filed a motion to vacate a plea of guilty and a motion for reconsideration and modification of sentence. A hearing was held on February 15, 1996 on defendant's motions and the State's opposition to those motions. The trial court denied both motions and also denied oral motions made during the hearings. This Court denied the defendant's appeal on the merits and affirmed the judgment below. State v.Halliwell (Dec. 19, 1996), Cuyahoga App. No. 70369, unreported.
On November 13, 1996, the defendant filed for supershock probation, pursuant to R.C. 2947.061 in the trial court. The motion was later withdrawn on the grounds that it was inadvertently filed.
On October 28, 1998, the defendant filed a petition for post-conviction relief (R.C. 2953.21) which was subsequently denied by the trial court without a hearing on January 20, 1999 for untimely filing. The instant appeal ensued.
We will address defendant's assignments of error in the order presented.
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF PETITIONER-APPELLANT WHEN IT DISMISSED THE PETITION FOR POST-CONVICTION RELIEF WITHOUT A HEARING AND WITHOUT MAKING AND FILING FINDINGS OF FACT AND CONCLUSIONS OF LAW.
Defendant concedes that his petition for post-conviction relief was untimely, but argues the trial court should have reviewed the petition since the exceptions set forth in R.C. 2953.23 (A) applied.
Am.Sub. S.B. No. 4, effective September 21, 1995, amended the post-conviction relief statute. State v. Freeman (Dec. 10, 1998), Cuyahoga App. No. 73784-87, unreported. Prior to the amendment, the post-conviction relief statute had allowed a petitioner to file a post-conviction relief petition "at any time" after his conviction. State v. Schulte (1997), 118 Ohio App.3d 184, 186. As amended, R.C. 2953.21 (A) (2) now imposes certain time requirements for filing a petition for post-conviction relief. R.C. 2953.21 (A) (2) provides:
 A petition under division (A) (1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
Defendant was sentenced on December 8, 1995, well after the effective date of Am.Sub. S.B. No. 4. He therefore had 180 days after the date the transcript was filed in his direct appeal to file his petition for post-conviction relief. The trial transcript on defendant's direct appeal was filed on April 24, 1996. Therefore, the latest date defendant could have timely filed his petition for post-conviction relief was October 21, 1996, which is 180 days after his trial transcript was filed. Defendant did not file his petition for post-conviction relief until October 28, 1998, and therefore, it was untimely by over two years
Pursuant to R.C. 2953.23 (A), a trial court may not entertain an untimely filed petition for post-conviction relief unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A) (2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
Unless the above exceptions apply, the trial court has no jurisdiction to consider an untimely filed petition for post-conviction relief. State v. Furcror (Feb. 17, 1999), Lorain App. No. 93CA007089, unreported; State v. Hall (Dec. 18, 1998), Montgomery App. No. 17101, unreported; State v. Ayers (Dec. 4, 1998), Montgomery App. No. 16851, unreported; State v. Brown
(June 1, 1998), Stark App. No. 1997CA00363, unreported; State v.Hanks (June 25, 1998), Franklin App. No. 98AP-70, unreported;State v. Thompson (Sept. 16, 1998), Allen App. No. 1-98-20, unreported; State v. Flowers (Nov. 12, 1998), Medina App. No. 2842-M, unreported.
Defendant has failed to demonstrate any of the above exceptions entitling him to relief. The basis of defendant's petition for relief is that his attorney representing him at his plea hearing informed him the prosecutor would recommend probation, when instead the prosecution recommended the maximum sentence. Defendant surely was aware he received a longer sentence than he anticipated when he was sentenced. State v. Kahl (April 22, 1998). Lorain A No. 97CA006816, unreported. The letter from his attorney apologizing for the change of heart by the prosecutor was also dated January 15. 1996, well before the deadline for defendant to file a timely petition. See State v. Walker (May 1, 1998), Montgomery App. No. 16656, unreported ("the affidavits and other evidentiary materials attached to [defendant's] petition were all generated either in 1992 or before, years prior to the deadline for [defendant] to timely file his petition in this case. Therefore, [defendant] has failed to meet the requirements for having his untimely filed post-conviction petition considered by the court."). While the claim of ineffective assistance of counsel implicates a constitutional right under the Sixth Amendment, petitioner still had the obligation to show that he was unavoidably prevented from discovering the existence of the claim in timely fashion. State v. Freeman (Dec. 10, 1998). Cuyahoga App. No. 73784-87, unreported. Defendant failed to show that he was unavoidably prevented from discovering the facts upon which he relied in his petition. Id.
The fact that his counsel never advised him of the time limitations for filing a petition for post-conviction relief also does not show he was "unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief." Merely because counsel failed to advise him of the deadline for filing a petition does not show he was "unavoidably prevented" from discovering the deadline on his own or from other sources. Ignorance of the law as to the time for filing is no excuse. State v. Ward (Feb. 20, 1998), Cuyahoga App. No. 63355. unreported (appellate counsel's failure to advise defendant of time to file an application to reopen case does not excuse untimely filing as ignorance of the law does not automatically
establish good case for untimely filings); State v. Brown (Aug. 21, 1998), Lucas App. No. L-98-1130, unreported (failure to file motion for new trial within the prescribed time limitations is not excused by ignorance of the law as "ignorance of the law is not a defense and a person cannot evade its requirements by claiming ignorance.")
Furthermore, defendant cannot satisfy the requirement of R.C.2953.23 (A) (2) that "but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted." Defendant was convicted pursuant to his plea of guilty, not by reason of trial.
The claims for relief in defendant's petition regarding his argument that this plea was not entered voluntarily, intelligently and knowingly due to the fact he was not fully informed of the elements and defenses to burglary, were raised on direct appeal. See State v. Halliwell (Dec. 30, 1996), Cuyahoga App. No. 70369, unreported. Defendant cannot escape the res judicata effect of the prior decision by now casting it in the form of an ineffective assistance of counsel claim. State v.Broom (May 7, 1998), Cuyahoga App. No. 72581, unreported at 3. Therefore, this claim does not meet any of the exceptions to an untimely filing of a petition as the facts upon which he relies were obviously available to him at an earlier time.
Defendant also contends that the trial court abused its discretion when it dismissed the defendant's petition for post-conviction relief without first filing findings of fact and conclusions of law. As previously noted, the defendant's petition was dismissed because it was untimely filed as the trial court indicated in its entry denying the petition. No more need be done than to give a defendant a reason for the dismissal that allows for appellate review. State ex rel. Carrion v. Harris (1988),40 Ohio St.3d 19.
Defendant's Assignment of Error I is overruled.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF PETITIONER-APPELLANT WHEN IT FAILED TO STRIKE THE STATE'S MOTION TO DISMISS AND WHEN IT FAILED TO ALLOW PETITIONER TO FILE HIS BRIEF IN OPPOSITION TO THE MOTION TO DISMISS.
In State v. Sklenar (1991), 71 Ohio App.3d 444, the court held that the time period to respond to a petition for post-conviction relief set forth in R.C. 2953.21 (D), is not mandatory, but, in fact, directory, meaning that the time period in 2953.21 (D) is not rigid. See, also, State v. Bonnell (Aug. 27, 1998), Cuyahoga App. Nos. 69835/73177, unreported. Furthermore, the defendant may not obtain a "default judgment" based on his petition for post-conviction proceeding. State v. Roberts (1991), 66 Ohio App.3d 654,656; State v. Williams (Nov. 24, 1993), Cuyahoga App. No. 64151, unreported at 6. A defendant's remedy for the failure of the prosecutor to respond to a post-conviction petition is to move for ruling without the State's response. State ex rel. Manning v. Montgomery Pros. (1988), 39 Ohio St.3d 140; State v.Bonnell, supra.
Since the time specified for the State's response to a petition to vacate or set aside sentence is directory rather than mandatory, the trial court did not abuse its discretion in considering the State's motion. State v. Sklenar, supra. Furthermore, summary judgment pursuant to R.C. 2953.21 (D) is appropriate only if the right thereto appears on the face of the record. Id. In the instant case, the fact that the State filed its motion 39 days after the directory period expired does not render the State's motion invalid, nor is there any prejudice claimed from the slight delay. The trial court's failure to allow defendant leave to respond to the motion to dismiss is harmless error since the petition was untimely filed.
Defendant's Assignment of Error II is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. and MICHAEL J CORRTGAN, J. CONCUR.
 _______________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE