JOURNAL ENTRY and OPINION
Defendant-appellant Michael E. Valentine, proceeding pro se, appeals from the trial court order that denied his petition for postconviction relief.
In his two assignments of error, appellant asserts the trial court improperly dismissed his petition without a hearing. Appellant argues he presented sufficient evidence both to demonstrate he timely filed his petition and to demonstrate the existence of substantive grounds for relief. This court has considered the record in light of appellant's arguments and finds the trial court's decision was correct. Its order, therefore, is affirmed.
Appellant originally was indicted in March, 1996 on twenty counts of rape, R.C. 2907.02(A)(1)(b) and (A)(2), and twenty counts of felonious sexual penetration, R.C. 2907.12. All of the counts named as the victim appellant's step-daughter, born November 18, 1987. In view of appellant's indigent status, the trial court appointed counsel to represent him.
After a lengthy discovery process, appellant's case proceeded to a jury trial. The state presented the testimony of the victim, her school teacher, her school principal, a social worker who became involved in the case, two of the victim's examining physicians, and the police detective who had investigated the case. Appellant testified in his own behalf and presented the testimony of two of his brothers and the victim's mother. Thereafter, the trial court permitted the state to present a rebuttal witness as a challenge to the testimony of the victim's mother.
On August 16, 1996 the jury convicted appellant on all forty counts. The trial court immediately sentenced appellant to forty consecutive life terms of imprisonment.
On September 20, 1996, still represented by his trial counsel, appellant filed an appeal of his convictions to this court.[1] This court reviewed appellant's sixteen assignments of error in State v. Valentine (July 19, 1997), Cuyahoga App. No. 71301, unreported. Since one was found to have merit, five of appellant's twenty convictions and sentences for felonious sexual penetration were vacated. Appellant's remaining convictions and sentences were affirmed.
Appellant attempted to appeal from the foregoing judgment to the Ohio Supreme Court; however, on December 27, 1997 the supreme court dismissed his appeal.
On July 8, 1998, proceeding pro se, appellant filed in the trial court his petition for postconviction relief. Appellant asserted therein that he was denied his constitutional right to effective assistance of counsel at his trial; he presented five instances that he contended demonstrated counsel's prejudicially inadequate performance.
At the conclusion of appellant's petition, he acknowledged his petition was not filed within the time requirements of R.C. 2953.21(A)(2). He excused his tardiness with the statement that he was "indigent and * * * [had] just recived (sic) a copy of his trial transcript in April of 1998 from the Clerk of the Court of Appeals and upon review of the transcript * * * realized that trial counsels (sic) performance fell below an objective standard of reasonable representation."
Appellant supported his petition with the following: (1) an "affidavit of verity," i.e., his averment "that to the best of his information and knowledge and belief the contents of this petition are true"; and (2) copies of portions of the transcript of testimony taken at his trial.
Initially, the trial court simply issued an order denying apellant's petition. Subsequently, however, the trial court vacated that judgment and ordered the state to provide a response.
On June 10, 1999 the state filed a motion to dismiss appellant's petition. The state argued it was both untimely and without substantive foundation.
On July 10, 1999 appellant filed a brief with "attachments" in reply to the state's arguments. In pertinent part, appellant therein stated, verbatim, as follows:
 Petitioner * * * did not know he had to submit documents showing he tried to obtain his trial transcript. Petitioner tried but was informed by trial counsel to write a letter to the Clerk of the Court of Appeals (see Attch A).
 Petitioner sent a letter to the Clerk of Courts which is stamped filed (see Attch B).
 The Clerk of Courts responded, stating they are unable to comply with my request (see Attch C). Moreover, the respondent contends that petitioner possessed numerous opportunities to discover his trial counsel was ineffective while petitioners appeals were pending in the Court of Appeals and the Supreme Court of Ohio.
 Petitioner received a copy of the Supreme Courts decision denying the appeal (see Attch D) which was sent to petitioner by appellate counsel with a letter stating the same thing (see Attch E) which is all appellate counsel sent. Furthermore, petitioner received a copy of the Court of Appeals Journal Entry in April, 1998, which came from the Court of Common Pleas (see Attch F).
 Thus, Petitioner was in no possion to discover trial counsels performance was ineffective.
On March 24, 2000 the trial court granted the state's motion to dismiss appellant's petition on the basis it was untimely filed.[2]
Appellant has timely filed his appeal from the foregoing judgment entry. He presents the following two assignments of error for review:
 I. THE TRIAL COURT ERRED IN DISMISSING DEFENDANTS (SIC) PETITION FOR POST-CONVICTION RELIEF.
 II. THE TRIAL COUTT ERRED WHEN IT DISMISSED THE PETITION WITHOUT CONDUCTING AN EVIDENTIARY HEARING.
In his two assignments of error, appellant essentially argues he presented evidence sufficient both to comply with the require-ments for the filing of a late petition and to demonstrate the existence of substantive grounds for relief. This court disagrees.
The pertinent provisions of R.C. 2953.21 et seq. state:
S2953.21 Petition for postconviction relief.
* * *
 (2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or the date on which the trial transcript is filed in the supreme court if the direct appeal involves a sentence of death. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
S2953.23 Time for filing petition; appeals.
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
* * *
 (a) The petitioner shows that the petition was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
* * *
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
(Emphasis added.)
A review of the foregoing statutes in conjunction with appellant's petition and reply brief reveals appellant neither filed his petition within the time period prescribed nor complied with the requirements set forth in R.C. 2953.23(A). Under these circumstances, the trial court had no authority to consider appellant's petition; hence, it could not hold a hearing.
The record reflects the transcript of appellant's trial was filed in this court on October 30, 1996. Therefore, he had one hundred eighty days in which to file his petition for postconviction relief. Cf., State v. Saylor (1997), 125 Ohio App.3d 633.
Appellant filed his motion approximately a year and a half later, well after the time limitation; therefore, the trial court's decision to dismiss appellant's petition on the basis of untimeliness was proper. State v. Halliwell (1990), 134 Ohio App.3d 730; State v. Cooper (Mar. 26, 1999), Lake App. No. 97-L-286, unreported; State v. Phelps (Sept. 26, 2000), Franklin App. No. 00AP-109, unreported.
Moreover, as stated in R.C. 2953.23(A), the trial court did not have the authority to entertain appellant's untimely petition unless he met both requirements set forth in subsections (1) and (2). State v. Halliwell, supra; State v. Owens (1997), 121 Ohio App.3d 34; State v. Velez (Jan. 7, 1998), Lorain App. No. 97CA006696, unreported. A review of appellant's evidentiary materials attached to his petition and to his reply brief, however, reveals he failed even to meet the first.
Appellant made no showing via affidavit or otherwise he was "unavoidably prevented from discovery" of the facts he alleged. State v. Owens, supra. Rather, he essentially asserted only that he could not have realized trial counsel was ineffective until appellant's direct appeals all were unsuccessful.
As this court remarked in State v. Longo (1982), 4 Ohio App.3d 136 at 139, effective assistance of counsel does not guarantee results. It follows that unsuccessful appeals of convictions do not, in themselves, demonstrate the sudden existence of a viable claim of ineffective assistance of counsel. Thus, appellant's realization does not equate with unavoidable prevention from discovery that trial counsel's performance was constitutionally defective.
Since appellant's assertions, therefore, were unsupported and the provision of R.C. 2953.21 et seq. do not provide authority to a trial court to entertain a petition for postconviction relief that is untimely filed, the trial court properly dismissed appellant's petition on this basis. State v. Halliwell, supra; State v. Miller (Apr. 6, 2000), Cuyahoga App. No. 75762, unreported; State v. Velez, supra; State v. Cooper, supra. Under these circumstances, no hearing on the petition was either warranted or permitted.
Accordingly, appellant's assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J. and JOYCE J. GEORGE, J.* CONCUR
[1] While appellant's appeal was pending, the trial court adjudicated appellant to be a sexual predator pursuant to R.C. 2950.09(A).
[2] Although the trial court did not issue separate findings of fact and conclusions of law, its judgment entry is sufficient to constitute a final order pursuant to R.C. 2953.23(B) and State v. Calhoun(1999), 86 Ohio St.3d 279, 292. State v. Halliwell (1999),134 Ohio App.3d 730; State v. Uhl (July 17, 2000), Butler App. No. CA99-08-137, unreported.
* Sitting by Assignment: Joyce J. George, retired Judge of the Ninth Appellate District, sitting by assignment of the Ohio Supreme Court.