OPINION
On August 10, 1998, the Portage County Grand Jury indicted appellant, Michael Klepper, on one count of rape and two counts of gross sexual imposition, as a result of his conduct with his daughter, Cassie Klepper. On October 23, 1998, as a part of a plea-bargain agreement, appellant entered a written plea of guilty to one count of sexual battery and two counts of gross sexual imposition, all third-degree felonies, each carrying a maximum sentence of two years in prison. On November 9, 1998, the court held a sentencing hearing and sentenced appellant to two years in prison for each of the three counts, with the sentences running consecutively.
In its sentencing order, dated November 17, 1998, the court found that appellant had "a previous history of criminal convictions and has not responded favorably to the sanctions or conditions imposed." Appellant had, in fact, not been convicted of any previous criminal offenses.
On February 25, 2000, appellant filed a motion for post conviction relief alleging that his sentence was constitutionally deficient because the court relied on the existence of prior convictions when sentencing appellant. Appellant also claimed that he received ineffective assistance of counsel because his counsel did not present evidence on appellant's lack of criminal history and object to the court's acknowledgement of a prior criminal history. On April 14, 2000, the court dismissed appellant's motion for post conviction relief on the grounds that it was not timely filed under R.C 2953.23, and appellant had not shown any facts which would allow him to file outside of the time limits.
Appellant filed a notice of appeal of the dismissal on May 9, 2000. On June 12, 2000, appellant moved the trial court for relief from its dismissal under Civ.R. 60(B), and requested that this court remand the matter for consideration of his motion. We granted appellant's motion on July 12, 2000. On August 17, 2000, the trial court issued an order denying appellant's motion for relief from judgment, and the case is now before this court for consideration of the appeal.
Appellant raises the following assignments of error:
 "[1.] The trial court erred to the prejudice of the appellant, in violation of the fourteenth amendment to the United States Constitution, when it dismissed appellant's post-conviction petition for reason that it was untimely filed and failed to meet criteria under R.C. § 2953.23.
 "[2.] Appellant was deprived of effective assistance of counsel under the sixth amendment to the United States Constitution when his attorney's representation fell below the objective standards of reasonableness and that the results of sentencing proceedings were rendered unreliable or fundamentally unfair by counsel's deficient performance, and appellant was prejudiced thereby."
R.C 2953.21(A)(2) provides that:
 "A petition [for post conviction relief] under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * * If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 In the case sub judice, appellant did not directly appeal his conviction or his sentence. The time for him to file a direct appeal of his sentence would have expired on December 17, 1999, 30 days after the sentencing order was issued. See App.R. 4(A). Under R.C. 2953.21(A)(2), appellant's petition for post conviction relief should have been filed on or before June 15, 1999, 180 days after the expiration of the time to file a direct appeal. Appellant did not file his petition until February 25, 2000, eight months after the deadline for filing a timely petition for post conviction relief.
A court may not entertain a motion for post conviction relief that is not timely filed unless: "(1) the magnitude of the error is so great that but for the mistake, no reasonable trier of fact would have found him guilty, and (2) there is a very good excuse for the delay in filing the petition." State v. Beaver (1998), 131 Ohio App.3d 458, 462,722 N.E.2d 1046.
"The statute provides that only two excuses will be accepted where (1) the petitioner was `unavoidably prevented' from discovering the facts upon which the petition is predicated, or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that new right. No other excuses will be accepted." Id.
Appellant claims that he was unavoidably prevented from discovering the fact that the trial court's journal entry memorializing his sentence contained a reference to his "previous history of criminal convictions." He claims that he was prevented from discovering this information by a variety of causes, including his third-grade education, his lack of eyeglasses, his depression, and his failure to receive a copy of the journal entry.
In his brief, however, appellant admits that he heard the prosecutor make a statement at the sentencing hearing concerning appellant's alleged prior convictions. He also admits that he questioned his attorney on this issue at the hearing, that his attorney told him that he would take care of it, and that his attorney did not object to any information given by the prosecutor at the hearing. This, in itself, is sufficient to show that appellant was aware of facts necessary to present a claim for relief.
In addition, appellant cannot meet the second requirement for the court to consider an untimely petition for post conviction relief. The Eighth District Court of Appeals has considered R.C. 2953.23(A) in the context of a guilty plea, and determined that:
 "Furthermore, defendant cannot satisfy the requirement of R.C. 2953.23(A)(2) that `but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.' Defendant was convicted pursuant to his plea of guilty, not by reason of trial."
State v. Halliwell (1999), 134 Ohio App.3d 730, 735, 732 N.E.2d 405. We choose to adopt the reasoning of the Eighth District Court. Appellant's first assignment is without merit.
In appellant's second assignment of error he makes the claim that he was deprived of the effective assistance of counsel because his counsel's representation fell below an objective standard of reasonableness and he was prejudiced by his counsel's substandard performance. In light of our holding on appellant's first assignment of error, because the issue of ineffective assistance of counsel was brought in a motion for post conviction relief, the claim is time-barred. Thus, appellant's second assignment of error is moot.
Although this court affirms, on procedural grounds, the decision of the court to dismiss appellant's motion for post conviction relief, we note that appellant is not left without a remedy. Both of the issues brought in appellant's motion for post conviction relief could have, and indeed should have, been brought on direct appeal. See R.C.2953.08; R.C. 2929.14.
Appellant may, if he so desires, file a motion, pursuant to App.R. 5, for a delayed appeal before this court.[1] Were appellant to pursue this course of action, we could then hear his arguments concerning the legality of his sentence and whether he was afforded effective assistance of counsel.
We also note that, were appellant to pursue a delayed appeal, he would have the right to the assistance of appellate counsel.
For the foregoing reasons, we affirm the decision of the Portage County Court of Common Pleas.
 ____________________________ JUDGE ROBERT A. NADER
O'NEILL, P.J., GRENDELL, J., concur.
[1] App.R.5 provides that:
 "After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right in criminal cases, an appeal may be taken only by leave of the court to which the appeal is taken. A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals. The movant also shall furnish an additional copy of the notice of appeal and a copy of the motion for leave to appeal to the clerk of the court of appeals who shall serve the notice of appeal and the motions upon the prosecuting attorney."