OPINION
Roderick Rideau is appealing the judgment of the Montgomery County Common Pleas Court denying his petition for post-conviction relief.
In early 1995, Mr. Rideau had paid a friend to ship a vehicle containing twenty four pounds of cocaine to Mr. Rideau's girlfriend in Dayton, Ohio. The vehicle was stopped in Indiana and searched whereupon the cocaine was found in a hidden compartment in the trunk. After learning of the vehicle's destination, the Indiana state troopers contacted the Dayton police and arranged for a controlled delivery of the vehicle to Mr. Rideau's girlfriend. Mr. Rideau was subsequently indicted by the State of Ohio (hereinafter "State") on January 3, 1996 with one count of aggravated trafficking in over a hundred times the bulk amount of cocaine in violation of R.C. 2925.03(A)(9). On September 22-23, 1996, a bench trial was held and found Mr. Rideau guilty as charged, sentencing him to fifteen years to life and ordering him to pay a mandatory $5,000 fine.
Mr. Rideau filed a direct appeal to this Court which was overruled on February 25, 1999 and filed an appeal to the Supreme Court which was also denied. On October 19, 2000, Mr. Rideau filed an application for delayed reopening of his direct appeal pursuant to App.R. 26(B). This Court denied the application on December 6, 2000 and Mr. Rideau sought to appeal to the Supreme Court but his appeal was dismissed.
On May 12, 2000, Mr. Rideau filed a petition for post-conviction relief with the trial court. The State filed a motion to dismiss and a motion for summary judgment. Mr, Rideau's petition was overruled on November 22, 2000. Mr. Rideau has filed this timely appeal from that decision.
As his sole assignment of error, Mr. Rideau argues that the trial court erred in overruling his petition for post-conviction relief on the basis that it was filed untimely and therefore that the trial court did not have jurisdiction to consider the petition. We disagree.
A post-conviction proceeding is a collateral civil attack on the criminal judgment. State v. Steffen (1994), 70 Ohio St.3d 399, 410. Therefore, an individual does not have a constitutional right to the filing of a petition for post-conviction relief, but rather has only those rights specifically granted by the legislature. Id.; State v. Calhoun (1999), 86 Ohio St.3d 279, 281. R.C. 2953.21 through 2953.23
enumerates the rights the Ohio legislature has granted a defendant in a post-conviction proceeding. R.C. 2953.21(A)(2) provides that a petition for post-conviction relief must "be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction."
R.C. 2953.23(A) provides that a trial court may only consider an untimely petition for post-conviction relief if both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
(b) * * *[1]
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
Therefore, a trial court only has jurisdiction to hear an untimely petition for post-conviction relief if the above exceptions apply. State v. Halliwell (1999), 134 Ohio App.3d 730, 734. In this case, the trial transcript was filed with the appellate court on February 20, 1998. Pursuant to R.C. 2953.21(A)(2), Mr. Rideau's one hundred eighty day time limit to file a post-conviction relief petition expired on August 20, 1998. Mr. Rideau filed his petition for post-conviction relief on May 12, 2000. Mr. Rideau concedes that the petition was not timely filed.
The State asserts that Mr. Rideau does not meet the factors necessary for a trial court to consider an untimely petition for post-conviction relief, particularly R.C. 2953.23(A)(1)(a). As his rationale for filing untimely, Mr. Rideau asserts that neither he nor his appellate counsel from California were aware of the remedy of post-conviction relief until after the time to file had expired. However, this does not amount to the R.C. 2953.23(A)(1)(a) requirement of facts which Mr. Rideau was prevented from discovering and which are now relied upon for relief. R.C. Chapter 2953 explicitly provides for the remedy of post-conviction relief and is available to anyone. Nothing prevented Mr. Rideau or his appellate counsel from finding the remedy in the revised code. The fact that neither Mr. Rideau nor his appellate counsel searched the revised code for such a remedy or realized that they had a right to file a petition for post-conviction relief does not amount to undiscoverable facts. Thus, no undiscoverable facts exist to support Mr. Rideau's petition and he cannot meet the requirements of R.C. 2953.23(A) for a trial court to consider an untimely filed petition. The trial court did not err in overruling Mr. Rideau's petition for post-conviction relief and the assignment of error is without merit and overruled.
The judgment of the trial court is affirmed.
WOLFF, P.J. and GRADY, J., concur.
[1] R.C. 2953.23(A)(1)(b) does not apply to this case.