This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Michael Irwin appeals from the decision rendered in the Lorain County Court of Common Pleas denying his motion to vacate his plea of no contest. This Court affirms.
 I.
Irwin was indicted on one count of aggravated rape, one count of aggravated burglary, two counts of intimidation, and one count of gross sexual imposition. On October 10, 1995, Irwin entered a plea pursuant toNorth Carolina v. Alford (1970), 400 U.S. 25, to an amended count of attempted rape, an amended count of attempted burglary, two counts of intimidation, and one count of gross sexual imposition.
On September 20, 1996, Irwin filed a motion for postconviction relief. The trial court denied the motion, which was affirmed by this Court inState v. Irwin (Jan. 28, 1998), Lorain App. No. 96CA006614, unreported.
Irwin tried, tried again. On May 24, 2000, Irwin filed for shock probation, which was denied by the trial court. On November 28, 2000, Irwin filed a petition to vacate under R.C. 2953.23. The trial court dismissed the petition on December 20, 2000. Irwin now appeals the trial court's denial of his petition for postconviction relief.
 II.
Irwin has asserted two assignments of error. However, this Court need not reach the underlying merits of his arguments. This is so because Irwin has failed to satisfy the threshold prerequisites necessary before consideration of his postconviction petition.
Though Irwin has styled his motion as a petition to vacate his former plea, careful review reveals that Irwin himself referred to his filing as arising under R.C. 2953.23, the section concerning the regulation of petitions for postconviction relief. Moreover, this Court has previously held that a motion to withdraw a plea filed after the time for a direct appeal must be construed as a petition for postconviction relief. Statev. Alvarez (June 28, 2000), Lorain App. No. 00CA007544, unreported. Therefore, Irwin's filing must be construed as a petition for postconviction relief governed by R.C. 2953.21 et seq.
Irwin was sentenced on October 5, 1995. Irwin subsequently filed his first petition for postconviction relief on September 20, 1996, which was denied. Irwin then filed what constitutes a second or successive petition on November 28, 2000. A second or successive petition for postconviction relief is governed by R.C. 2953.23(A), which provides:
 Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
Either of the following applies:
 The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 Subsequent to the period prescribed in division (A)(2) of section R.C. 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petitioner asserts a claim based on that right.
 The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable fact finder would have found the petitioner eligible for the death sentence.
Irwin has failed to satisfy the criteria under R.C. 2953.23(A) permitting consideration of his petition for postconviction relief. SeeState v. Dallas (Mar. 21, 2001), Lorain App. No. 00CA007636, unreported. Although Irwin argues that his plea was not voluntarily given, he cannot show by clear and convincing evidence that, but for the alleged constitutional error at trial, a reasonable factfinder would have found him innocent because he chose to plead no contest thereby waiving a trial. As such, Irwin cannot satisfy the mandatory terms of R.C.2953.23(A)(2). See State v. Halliwell (1999), 134 Ohio App.3d 730; Statev. Sinclair (July 19, 2001), Cuyahoga App. No. 78662, unreported; Statev. Caplinger (June 29, 2001), Franklin App. No. 00AP-1463, unreported;State v. Unger (May 23, 2001), Adams App. No. 00CA705, unreported.
This Court must follow the mandatory language of R.C. 2953.23(A)(2), and declines Irwin's invitation at oral argument to judicially amend the statute by reading away the "at trial" provision. Accordingly, the trial court was precluded from addressing Irwin's petition on the merits. See R.C. 2953.23(A). See, also, Dallas, supra.
The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
DONNA J. CARR, BATCHELDER, P.J., WHITMORE, J. CONCUR.