JOURNAL ENTRY AND OPINION
This is an appeal from an order of Judge Ronald Suster that denied appellant Dewight White's petition for post conviction relief. White, prose, continues to claim, as he has in prior appeals, that he was not properly informed of the consequences of his guilty plea, particularly the possibility that he could be deported as a result of his conviction. We affirm the denial of his petition because it was untimely filed.
In February 1996, White, then thirty-four years old, was indicted on twenty-one charges, including four counts of aggravated burglary, seven counts of theft, and five counts each of forgery and uttering. The offenses were committed between June 1995 and October 1995, and included victims who lived at the nursing home where White was employed. On March 28, 1996, he pleaded guilty to two amended counts of burglary and three counts of theft. Under the sentencing statutes in effect at the time, the burglary convictions were aggravated felonies of the second degree, two of the theft offenses involved amounts over $5,000 and were third degree felonies, and the last theft offense was a fourth degree felony. Before accepting the pleas, the judge was told that the plea agreement included an agreed-upon sentence, indicated he intended to impose that sentence, and asked White if he understood the terms of the agreed sentences. He then accepted White's guilty pleas and scheduled a formal sentencing hearing for April 11, 1996, but on April 3, 1996, a final judgment of conviction and sentence was journalized that purported to impose the agreed sentencing terms despite never having been formally imposed at any hearing.
On April 8, 1996, another order was journalized scheduling White's sentencing hearing for April 11, 1996. When he did not appear, a capias was issued, he was returned to custody and on November 22, 1996, the judge entered an order stating that the "original sentence * * * is now ordered into execution." White did not timely file a direct appeal from either order.
On March 11, 1998, White moved for post conviction relief, which was denied on June 6, 2000. The judge issued findings of facts and conclusions of law stating, inter alia, that the claims were barred byres judicata, and that White failed to present any evidence outside the original trial record in support of his claim for relief.
White's eight assignments of error state:[1]
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND VIOLATED APPELLANT'S DUE PROCESS RIGHTS UNDER THE 5TH, 6TH, AND 14TH AMENDMENT U.S.C. FROM THE TRIAL COURT'S FAILURE TO ADVISE APPELLANT THAT HE WAS WAIVING HIS RIGHT TO OBJECT CONCERNING ANY ERROR COMMITTED BEFORE HIS PLEA OF GUILTY; AND THAT HE HAD NO APPEAL AS OF RIGHT ON AN AGREED PLEA AND SENTENCE; AND THAT TRIAL COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO FILE APPELLANT'S MOTION TO WITHDRAW APPELLANT'S GUILTY PLEA BEFORE SENTENCING, AS HE REQUESTED COUNSEL TO DO SO.
 II. THE TRIAL COURT ERRED IN DISMISSING THE PETITION ON ITS MERIT THAT IS IN FACT LAW REQUIRED GRANTING.
 III. THE TRIAL COURT ERRED IN GRANTING THE STATE'S MOTION FOR SUMMARY JUDGMENT THAT IS THE STATE'S FAILURE TO COMPLY WITH CIVIL RULE 56, AND THERE EXIST GENUINE ISSUES OF MATERIAL FACT, AND CONSTITUTIONAL ISSUES.
 IV. THE TRIAL COURT ERRED IN FINDING SOME CLAIMS TO BE RES JUDICATA, DESPITE THE FACT THAT THOSE CLAIMS COULD NOT/WERE NOT CAPABLE OF BEING RAISED ON DIRECT APPEAL.
 V. THE TRIAL COURT SHOULD HAVE HELD AN EVIDENTIARY HEARING, BECAUSE THE PETITION MET THE JACKSON/KIPPER PLEADING REQUIREMENTS.
 VI. THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO APPOINT COUNSEL WHERE THE PARTICULAR NATURE OF THE CASE REQUIRED COUNSEL; THE PETITION MET THE STATUTORY PLEADING REQUIREMENTS, AND THE JUDGE EVENTUALLY DISMISSED THE PETITION ON ITS FACE FOR FAILURE TO COMPLY WITH JACKSON/KIPPER.
 VII. THE TRIAL COURT ERRED BY INCORRECTLY DETERMINING THAT BECAUSE THIS COURT HAD PREVIOUSLY DENIED APPELLANT'S MOTION FOR LEAVE TO FILE A DELAYED APPEAL, THE POST CONVICTION RELIEF IS RES JUDICATA, THIS DECISION DENIED APPELLANT OF HIS CONSTITUTIONAL RIGHTS.
 VIII. THE TRIAL COURT ERRED BY ENTERING JUDGMENT OF CONVICTION BASED UPON A GUILTY PLEA THAT WAS NOT KNOWING, INTELLIGENT AND VOLUNTARY.
Despite the lengthy list of assigned errors, we must dispose of this appeal without addressing them because White's petition for post conviction relief was untimely and the judge had no jurisdiction to consider it. R.C. 2953.21(A)(2) states:
 A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
This provision went into effect on September 21, 1995, and granted a one-year waiver period for defendants to file petitions concerning convictions prior to that date.[2] White was convicted and sentenced on April 3, 1996, and was required to file any petition pursuant to R.C.2953.21 within 210 days of that date (180 days after expiration of 30-day deadline for appeal), a period that expired in November 1996. Even if one considers the November 22, 1996 journal entry to be the final judgment of conviction, White would have been required to file a post conviction petition no later than June 1997. The petition, filed March 11, 1998, was untimely under any formulation.
If the deadline stated in R.C. 2953.21 is not met, a judge has no jurisdiction to consider the petition under that section.[3] Instead, the petition can only be considered if it meets the standard for untimely or successive post conviction relief petitions stated in R.C. 2953.23:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
White's post conviction relief petition does not allege or show that he was unavoidably prevented from timely raising his claims, nor does it argue that no reasonable factfinder would have found him guilty (or that he clearly could have avoided a particular penalty)[4] if the unavoidably delayed claims had been presented. Because his petition is untimely under R.C. 2953.21, and he has failed to present any justification for considering his petition under R.C. 2953.23, the judge had no jurisdiction to consider it.
Judgment affirmed.
It is ordered that the appellee recover from appellant its costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., CONCUR; ANN DYKE, J., CONCURS IN JUDGMENT ONLY.
[1] Although we have taken the liberty of correcting certain of White's typographical and spelling errors without specification, the stylistic content of his assignments is recorded faithfully.
[2] State v. Martin (Aug. 31, 2000), Cuyahoga App. No. 77015, unreported (citing Section 3, Am.Sub.S.B. No. 4, 146 Ohio Laws, Part IV, 7826).
[3] State v. Halliwell (1999), 134 Ohio App.3d 730, 734, 732 N.E.2d 405,408.
[4] Sawyer v. Whitley (1992), 505 U.S. 333, 112 S.Ct. 2514,120 L.Ed.2d 269.