JOURNAL ENTRY AND OPINION
This is an appeal from an order of Judge Ronald Suster that denied Dewight White's pro se motion to correct entry of sentence. White claims he must be resentenced because the judge improperly imposed sentence in his absence. His primary focus in this appeal, as in his previous appeals, is that he was not properly informed of the consequences of his guilty pleas, particularly the possibility that he could be deported as a result of his conviction. It appears he might seek to withdraw his guilty plea or employ other presentencing strategies if able to utilize a resentencing hearing. We find that the motion was not cognizable and affirm.
On February 5, 1996, White, then thirty-four years old, was indicted on twenty-one charges, including four counts of aggravated burglary, seven counts of theft, and five counts each of forgery and uttering, for offenses committed between June 1995 and October 1995 against, among others, patients at a nursing home where he was employed. In March of 1996, he pleaded guilty to two amended counts of burglary, R.C. 2911.12, aggravated felonies of the second degree, and three counts of theft, R.C. 2913.02, two of which were third degree felonies and the other a felony of the fourth degree. Before accepting the pleas, the judge was informed that the plea agreement included an agreed sentence, indicated his intention to impose that sentence, and asked White if he understood the terms of the agreed sentences. Thereafter, he accepted the guilty pleas and scheduled a formal sentencing hearing for April 11, 1996 to allow, inter alia, the opportunity for victims to make statements under former R.C. 2947.05 and preparation of a presentence report. Nevertheless, an order journalized on April 3, 1996, purported to impose the agreed-upon sentencing terms and reflected a final judgment of conviction, although that judgment was not formally imposed at the plea hearing. Despite this, on April 8, 1996, an order was journalized scheduling the April 11, 1996 sentencing hearing.
White did not appear for that hearing, was arrested on a capias, returned to custody and, on November 19, 1996, the judge held a sentencing hearing, at which he imposed the agreed sentence discussed at the March 28, 1996 plea hearing and journalized as a final order of conviction and sentence on April 3, 1996. At this hearing, White informed the judge of his Jamaican citizenship, that he had not been aware of the possibility of deportation resulting from his convictions, and that he told his lawyer to file a motion to withdraw his plea prior to the April 11, 1996 hearing, but his lawyer failed to do so. He did not, however, make an oral motion to withdraw his pleas.
The judge entered an order stating that the original sentence * * * is now ordered into execution. White did not file a direct appeal from this order or that of April 3, 1996, and instead moved to withdraw his guilty pleas under Crim. R. 32.1, which the judge denied. Thereafter, he filed numerous postconviction motions or petitions to overturn his conviction on the basis that he was not informed of the possible deportation consequences, and that his lawyer was ineffective because he failed to seek to withdraw his plea prior to sentencing, when the standard for allowing such a motion was less restrictive.[1]
Most recently White filed a motion to correct judgment entry of sentence, asserting that Crim.R. 32, R.C. 2945.12, and constitutional provisions required resentencing because the order of April 3, 1996 was entered without holding a sentencing hearing at which he was present. The motion was denied and White asserts, pro se,[2] three assignments of error:
 I. THE TRIAL COURT MADE A BLATANT ERROR TO THE PREJUDICE OF DEFENDANT-APPELLANT BY INCORRECTLY SENTENCED DEFENDANT-APPELLANT IN HIS ABSENCE, WITHOUT THE BENEFIT OF COUNSEL, AFTER THE TRIAL COURT ORDERED A PRE-SENTENCE REPORT, SCHEDULED A LATER DATE OF APRIL 11, 1996, AM. FOR SENTENCING AND AFTER THE TRIAL COURT WAS ADJOURNED ON THAT DATE OF MARCH 28, 1996, PENDING THE PRESENTENCE REPORT AND SENTENCING DATE OF APRIL 11, 1996, THUS VIOLATE DEFENDANT-APPELLANT'S DUE PROCESS RIGHT UNDER THE STATE AND FEDERAL CONSTITUTION U.S.C. FIFTH, SIXTH, AND FOURTEENTH AMENDMENT.
 II. THE TRIAL COURT COMMIT REVERSIBLE ERROR TO THE PREJUDICE OF DEFENDANT-APPELLANT, AFTER THE TRIAL COURT WAS ADJOURNED ON MARCH 28, 1996, PENDING ITS PRE-SENTENCE INVESTIGATION REPORT, AND ITS SCHEDULED SENTENCING HEARING FOR APRIL 11, 1996; SENTENCED DEFENDANT-APPELLANT IN HIS ABSENCE, AND THUS VIOLATE DEFENDANT-APPELLANT'S SIXTH, FIFTH, AND FOURTEENTH AMENDMENT, AND THE OHIO RULES OF CRIMINAL PROCEDURE, CRIM.R. 32.
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT DENIED TO CORRECT ITS BLATANT ERROR JUDGMENT OF SENTENCE THAT WAS IMPOSED IN THE ABSENCE OF DEFENDANT-APPELLANT, AND HIS COUNSEL; AFTER TRIAL COURT WAS ADJOURNED ON MARCH 28, 1996, THUS VIOLATES DEFENDANT-APPELLANT DUE PROCESS RIGHTS UNDER THE STATE AND FEDERAL CONSTITUTION.
We dispose of this appeal without addressing these assignments of error, because we find the judge had no jurisdiction to consider White's motion to correct judgment entry of sentence. To the extent the motion sought to vindicate constitutional rights, it is cognizable under R.C.2953.21 and Crim.R. 35 as a petition for postconviction relief. It was not filed, however, within the time limit stated in R.C. 2953.21(A)(2), and White has not shown entitlement to relief under the provisions of R.C. 2953.23. Without such a showing, the judge has no jurisdiction to consider an untimely motion for postconviction relief.[3]
While the Rules of Criminal Procedure do provide for post-judgment motions to withdraw a guilty plea[4] and to obtain a new trial,[5]
neither Crim.R. 32 nor Crim.R. 43 provide for a postjudgment motion to enforce their terms, and we are unwilling to recognize a right to submit an independent motion under those rules. To do otherwise would thwart the finality interests achieved by addressing claims in the direct appeal and postconviction process. Those proceedings would be of little value if defendants could obtain relief at any time by filing an independent motion without regard to issues of waiver or timeliness. We find the motion was properly denied because the judge had no jurisdiction to consider it.
Judgment affirmed.
It is ordered that the appellee recover from appellant costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., and TERRENCE O'DONNELL, J., CONCUR
[1] Crim.R. 32.1 allows withdrawal of a guilty plea after sentencing only to correct manifest injustice.
[2] Although we have taken the liberty of correcting certain of White's typographical and spelling errors without specification, the stylistic content of his assignments is recorded faithfully.
[3] State v. Halliwell (1999), 134 Ohio App.3d 730, 734, 732 N.E.2d 405,408.
[4] Crim.R. 32.1.
[5] Crim.R. 33.