ACCELERATED DOCKET JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983),11 Ohio App.3d 158.
Appellant Tony McCall plead guilty to two charges of voluntary manslaughter in March 1982, and was sentenced to consecutive terms of five to twenty-five years' and six to twenty-five years' imprisonment. He did not appeal these convictions. However, in January 2002, McCall filed petitions for post-conviction relief in each case, urging the court to modify his sentences so that they would be served concurrently. The state moved to dismiss both petitions as untimely. The court denied the petitions in orders entered March 4, 2002.
McCall argues that the court erred by overruling his motion for post conviction relief because the 1995 amendment to R.C. 2953.21 is an ex post facto law which violates the Ohio and United States constitutions. We rejected this argument in State v. Sharif (Sep. 27, 2001), Cuyahoga App. No. 79325.
Under the savings provision of Senate Bill 4, McCall had one year from the amended statute's effective date to file his petition. McCall did not timely file a petition within one year after the effective date of Senate Bill 4, nor did he demonstrate that he met the criteria for filing a delayed petition under R.C. 2953.23(A). McCall's petition was untimely, so the court lacked jurisdiction to consider it. State v. Haliwell (1999), 134 Ohio App.3d 730, 734. Accordingly, we overrule the assignment of error and affirm the common pleas court's decision.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
PRESIDING JUDGE KENNETH A. ROCCO, JAMES D. SWEENEY, J. and MICHAEL J. CORRIGAN, J. CONCUR