This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Petitioner-Appellant Gary Meek has appealed from an order of the Lorain County Court of Common Pleas that denied his petition for disclosure of grand jury testimony. This Court affirms.
 I
{¶ 2} In 1993, Appellant was indicted in two separate cases on numerous counts of rape, gross sexual imposition, corruption of a minor, and sexual imposition. The cases were consolidated, and Appellant entered a plea of guilty to all counts in exchange for the state's recommendation that he be sentenced to a prison term of six and one-half years to twenty-six and one-half years.
{¶ 3} Over one year after his convictions and sentence, Appellant moved this Court for leave to file a delayed appeal. We denied Appellant's motion. Appellant thereafter filed a petition for postconviction relief pursuant to R.C. 2953.21, arguing that he was denied the effective assistance of counsel and, as a result, his pleas were not knowingly, intelligently, and voluntarily entered. After a hearing, the trial court denied Appellant's petition. Appellant appealed the denial to this Court, and we affirmed the trial court's decision. See State v.Meek (Jan. 22, 1997), 9th Dist. No. 96CA006454, appeal not allowed (1997), 78 Ohio St.3d 1512.
{¶ 4} On August 23, 2002, Appellant filed a petition in the trial court seeking the disclosure and in camera inspection of the complaining witnesses' testimony before the grand jury. Appellant stated that certain statements by complaining witnesses demonstrated that they provided more detailed dates of the alleged offenses than the state made available to him in the indictment or bill of particulars. The trial court denied Appellant's petition and Appellant has timely appealed, asserting two assignments of error.
 II Assignment of Error Number One "THE TRIAL COURT ABUSED ITS DISCRETION TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY DENYING APPELLANT'S MOTION FOR DISCLOSURE OF GRAND JURY TESTIMONY WITHOUT CONSIDERING THE REQUIREMENTS OF [CRIM.R. 6(E)]."
 Assignment of Error Number Two "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO INSPECT THE GRAND JURY TRANSCRIPTS WHEN THE FACE OF THE RECORD DEMONSTRATES A HIGH PROBABILITY THAT A SECOND CRIMINAL PROSECUTION WILL BE COMMENCED IN THE STATE OF KENTUCKY BY THE ALLEGED [VICTIMS] FOR OFFENSES ALLEGEDLY OCCURRING DURING THE SAME TIME FRAME AS THAT IN THE STATE OF OHIO."
{¶ 5} In both assignments of error, Appellant has argued that the trial court erred in denying his petition for disclosure of grand jury testimony. Appellant has contended that the testimony included more detailed dates of the alleged offenses than were provided in the indictment and bill of particulars, and he was unable to adequately prepare an alibi defense without the more specific dates. In support of his petition in the trial court, Appellant attached copies of written statements from complaining witnesses and reports of detectives who interviewed the witnesses. According to Appellant, these reports and statements indicate that the complaining witnesses testified before the grand jury that the alleged offenses occurred on specific dates, yet the state only provided Appellant with general ranges of time in the indictment and bill of particulars.
{¶ 6} We construe Appellant's petition, which was filed several years after his convictions and sentence and relies on evidence outside the record, as a petition for postconviction relief. Such petitions are governed by R.C. 2953.21, which provides defendants with a mechanism to request relief from the trial court on the basis that their convictions are void or voidable on constitutional grounds. R.C. 2953.21(A)(1). The statute sets forth certain time requirements for filing petitions for postconviction relief, and specifies that "[i]f no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2). Furthermore, R.C. 2953.23(A) provides, in pertinent part:
 "[A] court may not entertain a petition filed after the expiration of the period prescribed in [R.C. 2953.21(A)] or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
"(1) Either of the following applies:
 "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 "(b) Subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]"
{¶ 7} In the case sub judice, the criteria at R.C. 2953.23(A) have not been satisfied. Appellant asserted in his motion that "he recently obtained the statements of the complaining witnesses," which he argued show that the victims testified to more specific dates than the state alleged in the indictment or stated in the bill of particulars. Appellant's general statement that he "recently obtained" certain statements, however, does not demonstrate that he was "unavoidably prevented" from discovering the facts upon which he must rely to present his claim for relief. R.C. 2953.23(A)(1)(a). Nor did Appellant assert that his claim was based on a new federal or state right recognized by the United States Supreme Court. R.C. 2953.23(A)(1)(b). Finally, Appellant cannot demonstrate that "but for constitutional error at trial, no reasonable factfinder would have found [Appellant] guilty," because Appellant entered a plea of guilty to the charges, thereby waiving a trial. R.C. 2953.23(A)(2). See State v. Irwin (Oct. 17, 2001), 9th Dist. No. 01CA007769, at 4, appeal not allowed (2002), 94 Ohio St.3d 1470, citing State v. Halliwell (1999), 134 Ohio App.3d 730.
{¶ 8} As Appellant failed to satisfy the criteria set forth at R.C. 2953.23(A) governing untimely and successive petitions for postconviction relief, the trial court was without jurisdiction to consider the merits of Appellant's petition. The trial court therefore did not err in summarily denying Appellant's petition.
 III
{¶ 9} Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.