DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Samuel Cutlip, appeals his conviction for burglary, rendered by a jury in the Medina County Court of Common Pleas. We reverse and remand
 I {¶ 2} On the night of March 3, 2003 and the early morning hours of March 4, 2003, Deputies Dan Kohler and Todd Hicks of the Medina County Sheriff's Department each responded to a radio dispatch regarding a suspicious vehicle. The vehicle was reportedly driving slowly up and down West Smith Road in York Township with its hazard lights on.
 {¶ 3} Deputy Kohler was the first to arrive at West Smith Road. When he approached the 6100 block, he observed a white male in a red coat crossing the road. The man dropped two stereo speakers which he had been carrying, and ran away. Deputy Kohler, aided by his police dog, Vonco, pursued the man. Sgt. Sanford of the Medina County Sheriff's Department joined the pursuit approximately 200 yards later. Scent and shoeprints left in the snow led the trio to a unit in the Liberty Plaza Complex on Abbeyville Road in Medina, where they were joined by Officer Winebrenner of the Medina Police Department.
 {¶ 4} Sgt. Sanford and Officer Winebrenner knocked on the door of the apartment. A man, whom Officer Winebrenner identified as Carl Barandi, opened the door and said "okay, you have got me." Sgt. Sanford took Barandi into custody, and had him transported to the Medina County Jail.
 {¶ 5} Meanwhile, Deputy Hicks, having heard that Deputy Kohler had observed a man carrying and then dropping several items, arrived at the 6100 block of West Smith Road. Deputy Hicks observed a vehicle traveling eastbound at a low rate of speed. He stopped the vehicle, and asked the female driver, who was later identified as Nancy Lechene, whether she had been driving up and down the road with her hazard lights on. Lechene replied that she had, and explained that she was looking for her cat. Noticing that the front passenger seat of the two-door vehicle was folded forward, as though somebody had exited the car from the back seat, Deputy Hicks asked Lechene if somebody else had been in her car. Lechene said that no one else had been in the car, and reiterated her claim that she was simply searching for her lost cat.
 {¶ 6} At this time, Deputy Hicks learned from Sgt. Sanford, via the police radio, that the man observed and pursued by Deputy Kohler had been identified as Carl Barandi. Deputy Hicks asked Lechene whether Barandi had been in the car with her, and she admitted that he had. She stated that they had argued, and that Barandi had exited the vehicle on Smith Road. Lechene was detained and transported to the Medina County Jail.
 {¶ 7} After Lechene and Barandi had been taken into custody, Sgt. Sanford and Deputy Kohler returned to the 6100 block of West Smith Road to continue their investigation of the incident. The officers discovered two stereo speakers, a stereo, a long knife, a hat, and some other small items lying on the ground directly across from a cabin located at 6237 West Smith Road. Sgt. Sanford and another officer, Deputy Flohr, proceeded to the cabin. The officers discovered that the back door of the cabin had been forcibly opened, and observed that the interior appeared to have been ransacked. Continuing to survey the area, Sgt. Sanford discovered two sets of shoeprints in the snow leading away from the cabin. Deputy Kohler photographed the prints.
 {¶ 8} Deputy Kohler and Sgt. Sanford proceeded to the Medina County Jail, in order to interrogate Lechene and Barandi. After comparing the shoes worn by Lechene and Barandi to the shoeprints discovered in the snow near the cabin, the officers concluded that, while Barandi's shoes matched one set of the prints, Lechene's shoes did not match the second set. The unaccounted for shoeprints, along with the number of items dropped on the road, led the officers to suspect that a third party was involved in the incident.
 {¶ 9} Sgt. Sanford questioned Barandi in one holding cell, and Deputy Kohler questioned Lechene in another cell. After Sgt. Sanford advised Barandi of his Miranda rights, Barandi made a statement implicating Appellant in the cabin break-in. Likewise, after Deputy Kohler advised Lechene of her Miranda rights, she made a statement implicating Appellant in the break-in. Ultimately, both Lechene and Barandi entered into plea agreements with the State.
 {¶ 10} On March 19, 2003, Appellant was indicted on one count of burglary, in violation of R.C. 2911.12(A)(3). The matter proceeded to a jury trial beginning on September 2, 2003. As part of their plea agreements, Lechene and Barandi each consented to testify against Appellant at his trial. On the day of trial, Lechene and Barandi declined to testify, invoking their Fifth Amendment rights. Responding to this development, the State sought to introduce Lechene and Barandi's prior statements to the police, through the testimony of Sgt. Sanford and Deputy Kohler. Overruling the defense counsel's objections, the trial court admitted the statements.
 {¶ 11} The jury found Appellant guilty of burglary, and the trial court sentenced Appellant to one year in prison. Appellant timely appealed, raising two assignments of error.
 II Assignment of Error No. 1
"The trial court violated appellant's confrontation clause rights and committed reversible error in admitting hearsay statements by alleged accomplices which implicated appellant, where those statements did not contain adequate indicia of reliability."
 {¶ 12} In his first assignment of error, Appellant maintains that the trial court erred by admitting certain statements in violation of his Confrontation Clause rights. We agree.
 {¶ 13} Applying the framework provided by Ohio v. Roberts
(1980), 448 U.S. 56, the trial court determined that the admission of the Lechene and Barandi hearsay statements did not violate Appellant's Sixth Amendment right to be "confronted with the witnesses against him." Under Roberts, the statements of unavailable witnesses pass Confrontation Clause muster so long as they bear "adequate `indicia of reliability.'" 448 U.S. at 66. Such statements meet this reliability test if they either: (1) fall under a "firmly rooted hearsay exception"; or (2) bear "particularized guarantees of trustworthiness." Id. The trial court concluded that the statements made by Lechene and Barandi were admissible under the second prong, finding that the circumstantial evidence surrounding the statements established their trustworthiness.
 {¶ 14} Three days before oral argument in this appeal, the United States Supreme Court announced a significant revision of the Confrontation Clause analysis relevant to this case. Following an examination of the historical background of the Confrontation Clause, the Court determined that the Roberts
reliability inquiry does not adequately safeguard the guarantees of the Sixth Amendment. The Court replaced that inquiry with the rule that "[w]here testimonial evidence is at issue, * * * the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination."Crawford v. Washington (2004), 124 S.Ct. 1354, 158 L.Ed.2d 177,203. Although the Court declined to provide an exhaustive definition of "testimonial," it did state that the term encompasses, at a minimum, statements arising from the following contexts: preliminary hearings; grand jury investigations; previous trials; and police interrogations. Id.
 {¶ 15} New rules of criminal procedure which expand the rights of the accused always have retroactive application to criminal cases pending on direct review. See Griffith v.Kentucky (1987), 479 U.S. 314, 320-328. Because Crawford was decided during the pendency of this direct appeal, our examination of the admissibility of the Lechene and Barandi statements is directed by the new rule announced by that case.
 {¶ 16} Lechene and Barandi made their statements while they were being interrogated by police officers. Therefore, underCrawford, those statements are testimonial. Consequently, those statements are not admissible under the Confrontation Clause unless: (1) Lechene and Barandi were unavailable to testify; and (2) Appellant had a prior opportunity for cross-examination. SeeCrawford, 124 S.Ct. 1354, 158 L.Ed.2d 177, 203. Having invoked their Fifth Amendment rights, Lechene and Barandi were unavailable to testify at Appellant's trial. However, the record indicates that Appellant did not have a prior opportunity for cross-examination. Therefore, the admission of the hearsay statements of Lechene and Barandi violated Appellant's Sixth Amendment right to confront the witnesses against him.
 {¶ 17} We must now determine whether the Confrontation Clause error was "`harmless beyond a reasonable doubt.'" State v.Madrigal (2000), 87 Ohio St.3d 378, 388. In order to make this determination, we must inquire "whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." Id., citing Chapman v.California (1967), 386 U.S. 18, 23, overruled on other grounds by, Estelle v. McGuire (1991), 112 S.Ct. 475, 116 L.Ed.2d 385.
 {¶ 18} The prosecution did submit physical evidence indicating that a third party participated in the burglary. However, that evidence, on its own, does not link Appellant to the crime. The Lechene and Barandi statements are the only items of evidence presented at trial which identify the Appellant as the third participant. Therefore, we must conclude that there is a reasonable possibility that the admission of those statements contributed to the conviction, and that the Sixth Amendment error was not harmless. Appellant's first assignment of error is sustained.
 Assignment of Error No. 2
"The evidence at trial was insufficient to support appellant's burglary conviction, and that conviction was against the manifest weight of the evidence."
 {¶ 19} In his second assignment of error, Appellant contends that his conviction of burglary was against the manifest weight of the evidence and was not supported by sufficient evidence. Given our disposition of Appellant's first assignment of error, his second assignment of error is rendered moot, and we decline to address it. See App.R. 12(A)(1)(c).
 III {¶ 20} Appellant's first assignment of error is sustained. His second assignment of error is moot, and we decline to address it. The judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
Whitmore, P.J., and Slaby, J., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.