OPINION
{¶ 1} Defendant-appellant Paul Art Tarver appeals the December 28, 2004 Judgment Entry entered by the Stark County Court of Common Pleas, which denied his petition for post-conviction relief. Plaintiff-appellee is the State of Ohio.
 {¶ 2} Appellant was indicted on one count of complicity to aggravated murder and one count of complicity to felonious assault. On October 21, 2002, a jury trial commenced, lasting until October 24, 2002. The jury returned a verdict of guilty on both counts. A sentencing hearing was conducted on November 1, 2002. Appellant filed a notice of appeal on November 25, 2002. This Court affirmed the conviction but reversed in part appellant's sentence. For a detailed recitation of the underlying facts of appellant's case see State v. Tarver, 5th Dist. No. 2002CA00394, 2003-Ohio-6840. The case was remanded to the trial court and appellant was re-sentenced on December 29, 2003.
 {¶ 3} On April 30, 2004 appellant filed a Petition for Post Conviction Relief under R.C. 2953.21. Appellant argued that due to the actions of the State appellant was unavoidably prevented from discovering the fact that a witness, Frank L. Wilson, III's, address was known, and that he was available for testimony at trial. Appellant further argued that the statements made by Mr. Wilson during the police investigation, and testified to at trial by Detective Dittmore, were admitted in violation of appellant's Sixth Amendment right to confrontation as described in Crawfordv. Washington (2004),541 U.S. 36, 124 S.Ct. 1354. The appellee responded with a reply and a Motion for Summary Judgment. Appellee argued that the petition was not timely filed. Appellee further argued that no hearsay statements were admitted at appellant's trial and that the outcome of the trial would not have been different had Mr. Wilson testified at appellant's trial. On December 28, 2004, the trial court denied appellant's petition and granted the appellee's Motion for Summary Judgment.
 {¶ 4} Appellant timely appeals and has raised as his sole assignment of error:
 {¶ 5} "I. The trial court erred in granting the motion for summary judgment as to the petition for post-conviction relief."
 I. {¶ 6} Appellant maintains that the trial court erred in denying his petition for post conviction relief and in granting summary judgment in favor of the appellee. We disagree.
 {¶ 7} R.C. 2953.21(A) states, in part, as follows: "(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." Appellant, in his April 30, 2004, motion before the trial court, did argue that there was such a denial or infringement of his rights so as to render his conviction void or voidable.
 {¶ 8} Pursuant to R.C. 2953.21(A) (2), a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 9} The record indicates appellant did file a direct appeal in this matter with a transcript. The transcript was filed in this Court on February 14, 2003. Therefore, under R.C. 2953.21(A) (2), appellant was required to file his petition "* * * no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 10} The appellant's transcript was filed on February 14, 2003. However, appellant did not file his petition for post-conviction relief until April 30, 2004, which is well beyond the time period provided for in the statute. Because appellant's petition was untimely filed, the trial court was required to entertain appellant's petition only if he could meet the requirements of R.C. 2953.23(A). This statute provides, in pertinent part:
 {¶ 11} * * [A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
 {¶ 12} "(1) Either of the following applies:
 {¶ 13} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 14} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 15} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 16} Appellant did argue in his petition before the trial court that the United States Supreme Court has recognized a new Sixth Amendment confrontational right in Crawford v. Washington
(2004), 541 U.S. 36, 124 S.Ct. 1354 after the time in which he could timely have filed his petition. Appellant further argued that the State did not provide him with a correct address for Mr. Wilson even though Mr. Wilson claims that Detective Dittmore knew where he was at the time of appellants' trial. Finally, appellant argued that but for these violations the jury would not have found him guilty. Appellant attached an affidavit from Frank L. Wilson, III in support of his petition.
 {¶ 17} At appellant's trial, the State theorized that appellant had hired a gunman to stage a robbery of appellant and his girlfriend in order to terminate the girlfriend's pregnancy. The girlfriend was shot resulting in the loss of the unborn child. The State attempted to trace the gun used in the shooting in order to connect appellant in the scheme. The gun was traced from Larry Lombardi to Omar Gomez to Frank L. Wilson, III, and then to Tyrone Howard. Howard was a co-worker of appellant. Mr. Howard testified at trial that he bought the gun from Frank Wilson at the request of appellant and gave the gun to appellant prior to the shooting. Lombardi, Gomez and Howard testified at trial. Frank Wilson was subpoenaed by both the State and the appellant, but did not appear at the trial.
 {¶ 18} Appellant's arguments concerning the admission of hearsay statements made by Frank Wilson is misplaced. InCrawford v. Washington (2004),541 U.S. 36, 124 S.Ct. 1354, the United States Supreme court held that testimonial statements of a witness who does not appear at trial may not be admitted or used against a criminal defendant unless the declarent is unavailable to testify, and the defendant has had a prior opportunity for cross-examination. A thorough review of the record reveals that no statements attributable to Frank Wilson were presented in the State's case-in-chief.
 {¶ 19} During appellant's trial, Detective Dittmore testified that as part of his investigation of the shooting he was able to trace the weapon to Mr. Wilson. Detective Dittmore testified that he spoke with Mr. Wilson and based upon that conversation, he was able to trace the weapon to Tyrone Howard. The actual statement of Frank Wilson to Detective Dittmore was not introduced at trial; nor did Detective Dittmore testify as to what Frank Wilson had told him. Detective Dittmore testified at trial that he did not know the whereabouts of Mr. Wilson at the time of appellant's trial, and further that there was a warrant for Mr. Wilson's arrest on an unrelated matter.
 {¶ 20} As no out of court statements made by Frank Lewis were admitted by the trial court, no hearsay problem is presented.
 {¶ 21} In any event, the ruling in Crawford is not retroactive to a case that is final on direct review. See Statev. Cutlip, 9th Dist. No. 03CA0118-m, 2004-Ohio-2120 at ¶ 15;Mungo v. Duncan (2d Cir. 2004), 393 F.3d 327, 334-36; Dorchyv. Jones (6th Cir. 20050), 398 F.3d 783, 788; Murillo v. Frank
(7th Cir. 2005), 402 F.3d 786; Evans v. Luebbers (8th Cir. 2004), 371 F.3d 438, 444; Brown v. Uphoff (10th Cir. 2004), 381 F.3d 1219, 1227; Haymon v. New York (W.D.N.Y. 2004),332 F.Supp.2d 550, 557; People v. Edwards (Colo.Ct.App. 2004),101 P.3d 1118. As appellant's appeal was finalized prior to the March 8, 2004 decision in Crawford, appellant cannot avail himself of the new rule articulated in Crawford.
 {¶ 22} Further any claim that the court erred in admitting out of court statements made by Frank Wilson could have been assigned as error in appellant's direct appeal.
 {¶ 23} As stated by the Supreme Court of Ohio in State v.Perry (1967), 10 Ohio St.2d 175, paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for post-conviction relief. The Perry court explained the doctrine at 180-181 as follows:
 {¶ 24} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."
 {¶ 25} The issue herein was clearly available on direct appeal and therefore res judicata applies.
 {¶ 26} Finally, the affidavit of Frank L. Wilson, III submitted in support of appellant's petition verifies that Mr. Wilson did indeed provide the weapon that was used in the shootings to Tyrone Howard. Accordingly, any error in the admission of testimony via Detective Dittmore that he learned that Mr. Howard had obtained the weapon from Mr. Wilson was harmless beyond a reasonable doubt.
 {¶ 27} The central crux of appellant's petition was that had Frank Wilson testified he would have contradicted Tyrone Howard's testimony.
 {¶ 28} At appellant's trial, Tyrone Howard testified that on the way home from work the appellant drove Mr. Howard in a Ford Ranger truck to Frank Wilson's apartment. The appellant then gave Mr. Howard money to buy the gun, and Mr. Howard went inside the apartment and purchased the weapon. Mr. Howard testified that the weapon was wrapped in a peach tank top. Mr. Howard returned to the car and gave the weapon to appellant.
 {¶ 29} The affidavit of Frank Wilson states that Tyrone Howard drove a blue Ford Focus to Mr. Wilson apartment to purchase the weapon. Mr. Howard arrived alone. Finally, Mr. Wilson claims that the weapon was wrapped in a yellow bag.
 {¶ 30} We believe that the trial court correctly ruled that had Mr. Wilson testified the result of appellant's trial would not have been altered. The crucial element was that Mr. Wilson did provide the gun to Mr. Howard. The inconsistencies are matters of credibility of each witness. However, in light of the other evidence presented by the State, we find that appellant has failed to establish by clear and convincing evidence that no reasonable person would have found him guilty but for the fact that Frank L. Wilson, III did not testified at appellant's trial.
 {¶ 31} Appellant's sole assignment of error is overruled.
 {¶ 32} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Gwin, J., Boggins, P.J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed. Costs to appellant.