OPINION
{¶ 1} Defendant-appellant Jeffery M. Potts appeals from the July 19, 2005, Judgment Entry of the Richland County Court of Common Pleas which overruled appellant's petition for postconviction relief. The plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In 2000, a jury found appellant guilty on one count of aiding or abetting in an aggravated robbery with a firearm specification. Appellant was sentenced to a total of nine years in prison. Appellant appealed his conviction. This court affirmed the conviction on September 28, 2000. State v. Potts (Sept. 20, 2000), Richland App. No. 00CA12, 2000 WL 1473879.
 {¶ 3} On December 16, 2004, appellant filed a petition for postconviction relief in the Richland County Court of Common Pleas. By Judgment Entry filed July 19, 2005, the trial court denied appellant's petition.
 {¶ 4} It is from the July 19, 2005, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 5} "I. APPELLANT WAS DENIED A FAIR TRIAL DUE TO THE HIGHLY PREJUDICIAL USE OF STUN BELT RESTRAINTS, WHICH THERE WAS WITHOUT ANY JUSTIFICATION WHATSOEVER FOR THE COMPELLING OR EXTRAORDINARY NEED FOR THE RESTRAINTS NOR ANY CONSIDERATIONS TO ALTERNATIVES FOR THE USE OF SUCH EXTREME SECURITY RESTRAINTS OR AS A LAST RESORT, PURSUANT TO U.S. SUPREME COURT AUTHORITIES OF: ILLINOISVS. ALLEN 90 S.Ct. 1057; HOLBROOK VS. FLYNN 106 S.Ct. 1340;DECK VS. MISSOURI 125 S.Ct. 2007; ESTELLE VS. WILLIAMS96 S.Ct. 1691; O'NEAL VS. McANINCH 115 S.Ct. 992; BRECHT VS.ABRAHAMSON 113 S.Ct. 1710; RIGGINS VS. NEVADA 112 S.Ct. 1810;CHAPMAN VS. CALIFORNIA 87 S.Ct. 824. [SIC]
 {¶ 6} "II. APPELLANT WAS DENIED A FAIR TRIAL AND THE JURY'S VERDICT IS UNRELIABLE DUE TO THE LACK OF CONFRONTATION IN VIOLATION OF SIXTH AND FOURTEENTH AMENDMENTS TO UNITED STATES CONSTITUTION PURSUANT TO UNITED STATES SUPREME COURT HOLDING INCRAWFORD VS. WASHINGTON 124 S. Ct. 1354. [SIC]
 {¶ 7} "III. APPELLANT WAS DENIED A FAIR TRIAL DUE TO MISCONDUCT ON THE STATE AND INEFFECTIVE ASSISTANCE OF COUNSELS FOR VIOLATION OF BRADY VS. MARYLAND 83 S. Ct. 1194.
 {¶ 8} "IV. THE TRIAL COURT ERRED IN DISMISSING PETITION FOR POST CONVICTION [SIC] RELIEF WITHOUT A HEARING AND ERRED WHEN IT DETERMINED THAT APPELLANT FAILED TO ARGUE THAT HE SHOULD BE ALLOWED TO FILE THE PETITION, ALONG WITH STATING THAT THE CLAIMS ARE RES JUDICATA, AND THAT APPELLANT DID NOT DEMONSTRATE A PLAIN ERROR OF THE COURT THAT AFFECTED SUBSTANTIAL RIGHTS."
 {¶ 9} Appellant raises four assignments of error. However, before addressing the individual assignments of error, this court will review whether the trial court had jurisdiction to consider appellant's petition. Upon review, we find that the trial court lacked jurisdiction.
 {¶ 10} Appellant does not dispute that his petition was untimely. A court has no jurisdiction to hear an untimely petition for postconviction relief unless the movant meets the requirements in R.C. 2953.23(A). State v. Demastry, Fairfield App. No. 05CA14, 2005-Ohio-4962. Revised Code 2953.23(A)(1) provides as follows, in pertinent part:
 {¶ 11} "Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless . . .:
 {¶ 12} "Both of the following apply:
 {¶ 13} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 14} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 15} In this case, appellant presented three issues in his petition for postconviction relief. These issues concerned the use of a stun belt, the recent decision of Crawford v.Washington (2004), 541 U.S. 36, 124 S.Ct. 1354, 158 N.E.2d 177, and a letter purportedly withheld by the State until after appellant's conviction. Upon review, we find that appellant failed to meet the requirements of R.C. 2953.23(A)(1)(a).
 {¶ 16} Appellant first makes an argument that he was "unavoidably prevented from discovering the facts that the use of the stun belt and the compelling need to impose exceptional security procedure upon him, is a violation of his United States Constitutional Rights." Appellant's Petition for Postconviction Relief, pg. 3. However, appellant was aware of the "facts" upon which he relies at the time of trial. Specifically, appellant was aware that he was wearing a stun belt during his trial. Appellant contends that he was unavoidably prevented from discovering the "fact" that the use of a stun belt was a potential violation of his constitutional rights. However, such reasoning is not an argument that he was unavoidably prevented from discovering facts but rather constitutes an argument that appellant was not aware of a potential legal issue related to a fact. Simply being unaware of the law, including one's rights under the United States Constitution, does not equate with being unavoidably prevented from discovering the facts upon which the petition is based. State v. Sturbois, Athens App. No. 99CA16, 1999 WL 786318, (Sept. 27, 1999) (citing State v. Halliwell (1999),134 Ohio App.3d 730, 732 N.E.2d 405, Cuyahoga App. No. 75986, which held that ignorance of the law does not excuse an untimely filed postconviction relief petition).
 {¶ 17} Appellant also filed this petition for postconvcition relief based upon Crawford v. Washington (2004), 541 U.S. 36,124 S.Ct. 1354, 158 L.Ed.2d 177. Appellant contends thatCrawford announced a new rule, thereby allowing appellant to pursue postconviction relief. See R.C. 2953.23(A)(1)(a). However,Crawford cannot form the basis for appellant's petition. Regardless of whether Crawford issues are even implicated in appellant's claim, Crawford is not retroactive to a case that was final on direct appeal. State v. Tarver, Stark App. No. 2005-CA-00019, 2005-Ohio-3119 (citing State v. Cutlip, Medina No. 03CA0118-M, 2004-Ohio-2120 at ¶ 15; Mungo v. Duncan (2d Cir. 2004), 393 F.3d 327, 334-36; Dorchy v. Jones (6th Cir. 20050), 398 F.3d 783, 788; Murillo v. Frank (7th Cir. 2005),402 F.3d 786; Evans v. Luebbers (8th Cir. 2004), 371 F.3d 438,444; Brown v. Uphoff (10th Cir. 2004), 381 F.3d 1219, 1227;Haymon v. New York (W.D.N.Y. 2004), 332 F.Supp.2d 550, 557;People v. Edwards (Colo.Ct.App. 2004), 101 P.3d 1118). As appellant's direct appeal was finalized prior to the March 8, 2004, Crawford decision, appellant cannot avail himself of the new rule articulated in Crawford.
 {¶ 18} Last, appellant contends that the State withheld a letter that contradicted the trial testimony of a witness. Appellant does not expressly assert that he was unavoidably prevented from discovering the letter. However, appellant implied that that was the case when he stated that "[t]his letter was released by the Shelby Police Department subsequent to his conviction and while petitioner is imprisoned." However, we find this assertion to be inadequate. Appellant does not provide any further detail as to the circumstances under which he obtained the letter or when he obtained the letter. For example, such a non-specific assertion does not constitute a showing that appellant was unable to file a timely petition since, based upon appellant's claim, he may have received the letter after his conviction and after being imprisoned, but still within the time to file a petition for postconviction relief.
 {¶ 19} Accordingly, because appellant filed an untimely petition and failed to meet the requirements of R.C.2953.23(A)(1)(a), the trial court was without jurisdiction to hear appellant's petition. Accordingly, appellant's assignments of error are overruled.
 {¶ 20} The judgment of the Richland County Court of Common Pleas is affirmed.
Edwards, J., Wise, P.J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.