OPINION
{¶ 1} Defendant-appellant, Clarence Cunningham ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas in which the court denied his petition for post-conviction relief.
 {¶ 2} In 1990, appellant was convicted of one count of murder, and one count of attempted murder; each count including a firearm specification. Appellant appealed, and this court affirmed his convictions in State v. Cunningham (July 25, 1991), Franklin App. No. 90AP-427. On June 29, 2005, appellant filed the instant petition for post-conviction relief pursuant to R.C. 2953.21. The trial court denied the petition, without a hearing, on October 28, 2005. Appellant timely appealed, and brings the following eight assignments of error for our review:
Assignment of Error No. 1:
THAT CRAWFORD V. WASHINGTON, 124 S.CT. 1354 (2004) DOES APPLY RETROACTIVELY TO HIS CONVICTION AND SENTENCE.
Assignment of Error No. 2:
THAT WHEN THE CASE WAS HERE ON DIRECT APPEAL, THIS COURT DENIED HIS DIRECT APPEAL UTILIZING A CASE THAT WAS INOPPOSITE FROM THE FACTS PRESENTED IN HIS CASE.
Assignment of Error No. 3:
THE TRIAL COURT COMMITTED ERROR FINDING THAT THIS COURT AFFIRMED THE CONVICTION AND SENTENCE ON THE BASIS OF DEFENSE COUNSEL'S FAILURE TO OBJECT TO INADMISSIBLE HEARSAY EVIDENCE AND THAT WAS NOT THE CASE.
Assignment of Error No. 4:
THIS COURT'S AFFIRMANCE OF THE HEARSAY TESTIMONY WAS BASED ON EVID.R. 103(A) AND SINCE THEN, CRAWFORD HAS FOUND THOSE EXCEPTIONS IN CONFLICT WITH THE RIGHT TO CONFRONTATION UNDER THESIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
Assignment of Error No. 5:
THE TRIAL COURT COMMITTED ERROR DENYING THE INADMISSIBLE HEARSAY EVIDENCE GROUND EVEN AFTER IT WAS POINTED OUT THAT THIS PARTICULAR CONTENTION WAS NOT PRESENTED ON DIRECT APPEAL.
Assignment of Error No. 6:
UNDER THE NEW GROUND URGED IN POST-CONICTION (SIC), STATE V.BLEVINS (1987), 36 OHIO APP.3D 147 WOULD NOT BE THE LAW OF THE CASE.
Assignment of Error No. 7:
THE TRIAL COURT ERRED DENYING THE APPLICATION WITHOUT CONSIDERING PETITIONER'S REQUEST TO RE-OPEN HIS DIRECT APPEAL UNDER ANY OTHER FORM OF RELIEF UNDER R.C. § 2953.21.
Assignment of Error No. 8:
PETITIONER WAS ENTITLED TO AN EVIDENTIARY HEARING ON HIS SUPPRESSION OF EVIDENCE CLAIM REGARDING THE VICTIM FEING (SIC) UNDER THE INFLUENCE OF DRUGS DURING THE COMMISSION OF THE OFFENSE.
 {¶ 3} Before addressing appellant's individual assignments of error, we must first review whether the trial court had jurisdiction to consider appellant's petition. In this case, appellant presented, as he does on appeal, essentially two issues in his petition for post-conviction relief: (1) that the admission of Tarleton's and Ephraim's out-of-court statements violated the United States Supreme Court's decision in Crawfordv. Washington (2004), 541 U.S. 36, 124 S.Ct. 1354, and hisSixth Amendment right to confront witnesses; and (2) that the State of Ohio suppressed blood test results establishing that the victim was high on crack cocaine when she was treated for her gunshot wounds.
 {¶ 4} It is undisputed that appellant's petition for post-conviction relief is untimely under R.C. 2953.21, as the petition was filed approximately 15 years after appellant's conviction. Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." There are exceptions, however, contained in R.C. 2953.23(A), for when a trial court may nonetheless consider an untimely petition for post-conviction relief. Specifically, that statute provides, in part:
Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
(1) Both of the following apply:
(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 5} Here, appellant failed to meet the requirements of R.C.2953.23(A)(1). Appellant's petition is not based upon new facts, and Crawford did not create a new federal or state right that applies retroactively to appellant. See State v. Potts,
Richland App. No. 05-CA-82, 2006-Ohio-2100 at ¶ 17, citing Statev. Tarver, Stark App. No. 2005-CA-00019, 2005-Ohio-3119 (citingState v. Cutlip, Medina No. 03CA0118-M, 2004-Ohio-2120 at ¶ 15;Mungo v. Duncan (C.A.2, 2004), 393 F.3d 327, 334-36; Dorchy v.Jones (C.A.6, 2005), 398 F.3d 783, 788; Murillo v. Frank
(C.A.7, 2005), 402 F.3d 786; Evans v. Luebbers (C.A.8, 2004),371 F.3d 438, 444; Brown v. Uphoff (C.A.10, 2004),381 F.3d 1219, 1227; Haymon v. New York (W.D.N.Y. 2004),332 F.Supp.2d 550, 557; People v. Edwards (Colo.Ct.App. 2004),101 P.3d 1118. As in Potts, appellant's appeal was finalized prior to the Crawford decision, and appellant cannot avail himself of the rule articulated in Crawford.
 {¶ 6} The timeliness requirement of R.C. 2953.21 is jurisdictional and "a trial court has no authority to entertain an untimely post-conviction relief petition unless the petitioner meets the requirements of R.C. 2953.23(A)(1)." State v. Wilson,
Franklin App. No. 05AP-2750, 2006-Ohio-2750 at ¶ 16, citingState v. Raines, Franklin App. No. 03AP-1076, 2004-Ohio-2524 at ¶ 12. See, also, Potts, supra. Accordingly, we hold that the trial court lacked jurisdiction to consider appellant's motion.
 {¶ 7} Also contained in his assignments of error is appellant's argument that the trial court erred by failing to hold an evidentiary hearing before disposing of his petition for post-conviction relief. Given this court's conclusion that the trial court was without jurisdiction to consider appellant's untimely petition for post-conviction relief, the trial court did not err by failing to hold an evidentiary hearing before dismissing said petition.
 {¶ 8} Even if the trial court had possessed jurisdiction to consider appellant's petition for post-conviction relief, the same would have been barred by the doctrine of res judicata because appellant could have raised both issues, including theCrawford issue, on direct appeal. Res judicata is available in all post-conviction relief proceedings. Wilson, supra, at ¶ 17, citing State v. Szefcyk (1996), 77 Ohio St.3d 93. It matters not that the United States Supreme Court had not yet decidedCrawford at the time appellant was convicted and sentenced because the issue regarding the right to confront witnesses could have been raised. Id., citing State v. Reynolds (1997),79 Ohio St.3d 158.
 {¶ 9} For the foregoing reasons, the trial court was without jurisdiction to hear appellant's petition. Accordingly, appellant's eight assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Petree and Sadler, JJ., concur.