OPINION *Page 2 
{¶ 1} Petitioner-appellant, Marlon Dave, appeals the trial court's denial of his petition for post conviction relief. The State of Ohio is the respondent-appellee. In his petition appellant argued that his conviction was void and/or voidable for lack of jurisdiction due to an invalid complaint filed in the Municipal Court, ineffective assistance of counsel and "actual innocence."
 STATEMENT OF FACTS AND CASE {¶ 2} On February 4, 1999, a complaint was filed in Canton Municipal Court charging appellant with aggravated murder and complicity to commit aggravated robbery. The complaint stated that the crimes were committed on or about January 27, 1999.
 {¶ 3} On February 11, 1999, the Stark County Grand Jury returned two separate indictments against the appellant. In the first indictment, appellant was charged with one count of Complicity to Commit Aggravated Murder in violation of R.C. 2903.01 and 2923.03 (with an attendant death penalty specification) and two counts of Complicity to Commit Aggravated Robbery in violation of R.C. 2911.01 and 2923.03. All three counts included attendant firearm specifications as per R.C. 2941.145 for crimes committed on January 27, 1999.
 {¶ 4} In the second indictment, appellant was charged with three counts of Complicity to Commit Aggravated Robbery in violation of R.C. 2911.01 and 2923.03 with attendant firearm specifications as per R.C. 2941.145.
 {¶ 5} On July 17, 1999, the appellant entered into a negotiated plea agreement. In the first case, the indicted charge of complicity to commit aggravated murder was *Page 3 
amended to involuntary manslaughter. In the second case, one of the complicity to commit aggravated robbery charges was dismissed. Appellant pleaded as indicted to the remaining charges. Appellant was sentenced to an aggregate prison term of thirty-five (35) years.
 {¶ 6} On April 17, 2000, despite having pleaded guilty pursuant to a negotiated plea agreement, appellant filed a delayed appeal of his conviction and sentence. Appellant was granted leave to pursue his delayed appeal. On October 2, 2000, the delayed appeal was dismissed for failure to prosecute.
 {¶ 7} In January 2006, appellant filed a Request for Leave to Appeal, in which he argued that his prior appeal was dismissed for want of prosecution because he was not provided with a copy of the record by the prosecutor's office. In addition, appellant raised aBlakely-Foster claim. On February 15, 2006, appellant's application for leave to appeal was denied by this Court for failure to comply with App. R. 5(A)(2) and local App. R. 6(A).
 {¶ 8} On April 25, 2006, appellant filed a Motion to Modify Sentence in which he asked the trial court to reduce his sentence from thirty-five (35) years to thirty-two (32) years. On May 4, 2006, the trial court denied appellant's motion. Appellant pursued a pro se appeal from the denial. This Court affirmed the trial court's ruling on two grounds. First, pursuant to R.C. 2953.21, the motion was a petition for post conviction relief which was untimely filed. Second, the claim that the verdict was against the sufficiency of the evidence was barred from collateral review by the doctrine of res judicata. *Page 4 
 {¶ 9} On April 21, 2008, appellant filed a petition for post conviction relief. In the petition, appellant sets forth three claims. First, appellant argues that the initial complaint, which was filed in Canton Municipal Court on February 4, 1999, was invalid. Appellant argues that the complaint stated that it was executed on January 4, 1999, for a crime appellant committed on January 27, 1999. Appellant argues that this discrepancy in the dates in the complaint make his conviction void or voidable for lack of jurisdiction. Second, appellant argues that his counsel was ineffective for failing to raise the jurisdictional defect. Finally, appellant argues that the evidence at trial would not have been sufficient to establish that he was guilty of committing the crimes of aggravated murder and complicity to commit aggravated robbery on January 4, 1999. For these reasons, appellant argues that his conviction and sentence should be vacated.
 {¶ 10} In the petition, the appellant conceded that his petition for post conviction relief (PCR) was untimely filed. To justify the untimely filing, appellant argued that, as a pro se litigant, he is ignorant of the law and his ignorance unavoidably prevented him from discovering the jurisdictional defect in a timely manner. On April 28, 2008, the trial court overruled the motion without a hearing.
 {¶ 11} It is from this judgment that the appellant now seeks to appeal setting forth the following assignments of error:
 {¶ 12} "I. THE TRIAL COURT DENIED APPELLANT DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION IN ASSUMING JURISDICTION OVER THE COMPLICITY TO AGGRAVATED MURDER *Page 5 
COMPLAINT WHICH WAS NOT PROPERLY EXECUTED IN VIOLATION OF CRIMINAL RULE 3.
 {¶ 13} "II. INEFFECTIVE ASSISTANCE OF COUNSEL.
 {¶ 14} "III. ACTUAL INNOCENCE."
 {¶ 15} In appellant's three assignments of error, appellant argues that the trial court erred in dismissing his PCR petition because his claims of an invalid complaint, ineffective assistance of counsel and actual innocence were meritorious. All three assignments of error are related and shall be considered together.
 {¶ 16} We must first address whether the trial court had jurisdiction to entertain appellant's untimely PCR petition. Appellant conceded that his PCR petition was untimely filed and argued that the untimely filing was justifiable due to his ignorance of the law.
 {¶ 17} R.C. 2953.23 governs untimely filed petitions for post-conviction relief. Under the statute, a trial court may not entertain an untimely filed petition for post-conviction relief unless it meets certain conditions:
 {¶ 18} "(1) The petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since the expiration of the period for timely filing, recognized a new federal or state right that applies retroactively to the petitioner; and,
 {¶ 19} "(2) The petitioner must show by clear and convincing evidence that a reasonable fact finder would not have found him guilty but for constitutional error at trial." See, R.C. 2953.23(A); State v.Halliwell (1999), 134 Ohio App. 3d 730, 732 N.E. 2d 405. *Page 6 
 {¶ 20} "Unless the above exceptions apply, the trial court has no jurisdiction to consider an untimely filed petition for post conviction relief." State v. Halliwell, 134 Ohio App. 3d at 734,732 N.E. 2d at 408.
 {¶ 21} In this case, the appellant has failed to demonstrate that his untimely petition falls within any exceptions set forth in R.C. 2953.23. Appellant argues that his ignorance of the law unavoidably prevented him from discovering facts to support his petition. However, this claim lacks merit. See, State v. Halliwell, supra (Holding ignorance of the law does not excuse the failure to file a timely PCR.) See also,State v. Potts, Richland App. No. 05-CA-82, 2006-Ohio-2100.
 {¶ 22} Even if the petition were timely filed, none of appellant's three claims establish grounds for PCR relief. Appellant's conviction, pursuant to the negotiated plea agreement was validly based upon charges set forth in the indictment. Appellant was not prosecuted on the initial complaint filed in Canton Municipal Court. Rather, appellant was prosecuted pursuant to an indictment issued on February 11, 1999, by the Stark County Grand Jury. Even if the complaint were invalid, it serves as no more than a nullity. See, State v. Martin, Lawrence App. No. 01CA24, 2002-Ohio-6140, (holding, any alleged errors contained in the complaint are harmless and irrelevant as to appellant's convictions based on the grand jury indictment.) As a result there was no reason for counsel to raise any objection to the initial complaint.
 {¶ 23} Additionally, the arguments made by appellant are based on the fact that the complaint, which was filed on February 4, 1999, stated that it was executed on January 4, 1999, and alleged appellant committed a crime on January 27, 1999. These *Page 7 
arguments all could have been raised on direct appeal. Thus, the doctrine of res judicata bars any further review of these issues.
 {¶ 24} For these reasons, we do not find that the trial court erred in summarily overruling appellant's PCR petition.
 {¶ 25} Accordingly, appellant's first, second and third assignments of error are not well taken and are hereby, overruled.
 {¶ 26} The judgment of the Stark County Court of Common Pleas is hereby affirmed.
 Edwards, J., Hoffman, P.J., and Delaney, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1