[Cite as *State v. Dave*, **2017-Ohio-804**.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 2016CA00099 |
| MARLON DAVE | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Case No. 1999CR0155 and 1999CR0629 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 6, 2017 |
| APPEARANCES: | |

For Plaintiff-Appellee

JOHN D. FERRERO,
Prosecuting Attorney,
Stark County, Ohio

By: RONALD MARK CALDWELL
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

KENNETH FRAME
Stark County Public Defender's Office
201 Cleveland Ave. S.W., Suite 104
Canton, Ohio 44702

*Hoffman, J.*

{¶1}    Defendant-appellant Marlon Dave appeals the April 13, 2016 Judgment Entry entered by Stark County Court of Common Pleas denying his motion for nunc pro tunc entry. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2}    On July 12, 1999, Appellant entered a plea of guilty to one count of involuntary manslaughter during the commission of a felony, in violation of R.C. 2903.04(A), with an attendant firearm specification, in violation of R.C. 2941.145; two counts of complicity to aggravated robbery, in violation of R.C. 2923.03, with attendant firearm specifications; and two counts of complicity to aggravated robbery, in violation of R.C. 2923.03, with attendant firearm specifications.[2] Appellant's plea was made pursuant to a negotiated plea agreement. Appellant was charged by two separate indictments involving an armed robbery spree resulting in the death of one victim. (Case No. 1999CR0155 and Case No. 1999CR0629)

{¶3}    Via Change of Plea and Sentence entry of July 16, 1999, the trial court accepted the negotiated plea and imposed sentence, stating, "The State informed the Court and the defendant agreed the following sentence would be imposed upon a plea of Guilty."  The trial court imposed sentence as follows:[3]

---

[1] A rendition of the underlying facts is unnecessary for resolution of this appeal.

[2] Appellant entered the plea of guilty as to the charge of involuntary manslaughter during the commission of a felony and to two counts of aggravated robbery in Case No. 1999CR0155. The remaining counts of aggravated robbery were charged in 1999CR0629.

[3] Appellant does not challenge or assign as error the length of any term imposed as to a count to which he entered a negotiated plea, nor does Appellant challenge or assign as

**{¶4}** 1. Ten years as to the charge of involuntary manslaughter during the commission of a felony, plus a three year mandatory consecutive sentence imposed as to the firearm specification.

**{¶5}** 2. Ten years on the first count of complicity to aggravated robbery, plus a mandatory three year consecutive sentence for the attendant firearm specification. The sentence merged with the sentence imposed on count 1, involuntary manslaughter during the commission of a felony.

**{¶6}** 3. Ten years on the second count of complicity to aggravated robbery, plus a mandatory three years for the attendant firearm specification.

**{¶7}** 4. Three years for the third count of complicity to aggravated robbery, plus a mandatory three years for the attendant firearm specification.

**{¶8}** 5. Three years for the fourth count of complicity to aggravated robbery, plus a mandatory three years for the firearm specification.

**{¶9}** The trial court ordered the sentences on involuntary manslaughter during the commission of a felony, the second and fourth counts of complicity to aggravated robbery, along with the specifications thereto, to be served consecutive to each other.

**{¶10}** The trial court ordered the sentence on the fifth count of complicity to aggravated robbery to run concurrent to all other sentences, with the attendant firearm specification sentence to be served consecutive to all other sentences.

**{¶11}** The term imposed by the trial court totaled thirty-five years.

---

error the total term imposed by the trial court. Therefore the count numbers below merely facilitate the appeal, and do not necessarily correspond or correlate with the count numbers indicated or referenced by the trial court in sentencing.

{¶12} Appellant filed a notice of appeal from the July 12, 1999 entry of sentence, which appeal was later dismissed for want of prosecution on October 2, 2000.

{¶13} Appellant filed a motion to withdraw his plea of guilty on June 12, 2003. The trial court denied the motion via Judgment Entry of April 13, 2006.  On May 17, 2006, Appellant filed a notice of appeal from the April 13, 2006 Judgment Entry, which appeal was dismissed as untimely.

{¶14} On February 14, 2006, Appellant filed a motion for leave to appeal the July 16, 1999 entry asserting he was denied due process and the trial court erred in imposing non-minimum sentences. The motion for leave to appeal was denied for want of compliance with App. R. 5(A)(2) and Loc. App. R. 6(A).

{¶15} On April 21, 2008, Appellant filed a petition for post-conviction relief. Via Judgment Entry of April 28, 2008, the trial court overruled the petition. Appellant filed a notice of appeal on May 28, 2008. Via Opinion and Judgment Entry entered November 10, 2008, this Court affirmed the decision of the trial court.  See, *State v. Dave*, Stark App. No. 2008CA00111, 2008-Ohio-5890.

{¶16} On January 11, 2016, Appellant filed a motion for nunc pro tunc with the trial court moving the court to correct the July 12, 1999 sentencing entry to reflect the sentences were not mandatory, excepting the firearm specifications.

{¶17} The trial court denied the motion for nunc pro tunc via Judgment Entry of April 13, 2016.

{¶18} Appellant appeals, assigning as error,

{¶19} I. THE TRIAL COURT COMMITTED ERROR WHEN IT FAILED TO GRANT DEFENDANT-APPELLANT'S MOTION FOR NUNC PRO TUNC.

**{¶20}** In the sole assignment of error, Appellant maintains the trial court erred in failing to grant Appellant's motion for nunc pro tunc entry to reflect the sentences imposed were not mandatory, excepting the firearm specifications.

**{¶21}** Criminal Rule 36 states, "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."

**{¶22}** Appellant maintains the July 16, 1999 entry "made the sentences for the underlying crimes mandatory as well, contrary to law." Appellant moved the trial court to issue a nunc pro tunc entry to correct mistakes in the entry as none of the offenses for which Appellant was sentenced carried mandatory terms, excepting the attendant firearm specifications.

**{¶23}** Upon review of the trial court's July 16, 1999 entry, the term "mandatory" does not refer to any mandatory aspect of any single charge in the underlying sentences; rather, to the mandatory or required total number of years to be served given the explicit terms of the negotiated plea agreement.[4] As such, the term "mandatory" references the terms and conditions of the negotiated plea agreement, not any statutory sentencing provision. Therefore, the word "mandatory" was not a clerical error.

**{¶24}** Res judicata is the "'[r]ule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." *Holzemer v. Urbanski,* 86 Ohio St.3d 129, 132,

---

[4]At the July 12, 1999 hearing on the change of plea, the trial court refers to the negotiated sentence as "definite."

712 N.E.2d 713 (1999), quoting *Black's Law Dictionary* 1305 (6th Ed.1990). In the criminal law context, the Ohio Supreme Court has recognized the doctrine of res judicata bars claims that were raised or could have been raised on direct appeal. *State v. Davis,* 119 Ohio St.3d 422, 2008–Ohio–4608, 894 N.E.2d 1221, ¶ 6.

**{¶25}** Appellant's argument relative to the July 16, 1999 Change of Plea and Sentence entry could have been raised on direct appeal. Under the doctrine of res judicata, Appellant's claim is barred.

**{¶26}** The judgment entered by the Stark County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Wise, John, J. concur