[Cite as *State v. Bryant*, 2020-Ohio-4859.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| BRANDON NELSON BRYANT | : | Case No. 2020-CA-0043 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Court of Common
Pleas, Case No. 2017-CR-0208


JUDGMENT:         Affirmed


DATE OF JUDGMENT:         October 8, 2020


APPEARANCES:

For Plaintiff-Appellee

JOSEPH C. SNYDER
38 South Park Street
Mansfield, OH 44902

For Defendant-Appellant

BRANDON N. BYRANT, PRO SE
Inmate No. A701-546
Northeast Ohio Correctional Institution
2240 Hubbard Road
Youngstown, OH 44505

*Wise, Earle, J.*

{¶ 1}　Defendant-Appellant, Brandon Nelson Bryant, appeals the April 15, 2020 judgment entry of the Court of Common Pleas of Richland County, Ohio, overruling his motion for leave to file a petition for postconviction relief.　Plaintiff-Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}　On April 6, 2017, the Richland County Grand Jury indicted appellant on one count of rape in violation of R.C. 2907.02, two counts of kidnapping in violation of R.C. 2905.01, two counts of felonious assault in violation of R.C. 2903.11, one count of attempted rape in violation of R.C. 2907.02 and 2923.02, one count of abduction in violation of R.C. 2905.02, one count of sexual battery in violation of R.C. 2907.03, one count of attempted sexual battery in violation of R.C. 2907.03 and 2923.02, and one count of domestic violence in violation of R.C. 2919.25.

{¶ 3}　On August 14, 2017, appellant pled guilty to an amended count of gross sexual imposition in violation of R.C. 2907.05, one of the felonious assault counts, and the abduction count.　By judgment entry filed August 16, 2017, the trial court sentenced appellant to an aggregate term of seven years in prison.

{¶ 4}　On February 7, 2020, appellant filed a motion for leave to file a petition to vacate or set aside judgment of conviction or sentence, claiming the arresting complaint filed on January 30, 2017, lacked probable cause.　Appellant also argued ineffective assistance of counsel on the issue of the complaint.　By judgment entry filed April 15, 2020, the trial court overruled the motion, finding any alleged deficiencies in the complaint were rendered harmless by the subsequent issuance of the indictment.

{¶ 5}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 6}   "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED MR. BRYANT'S POST-CONVICTION PETITION IN VIOLATION OF THE FOURTH, FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

II

{¶ 7}   "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO DETERMINE WHETHER THERE WAS JUST CAUSE FOR DELAY BEFORE DENYING MR. BRYANT'S POST-CONVICTION PETITION VIOLATING HIS 14TH AMENDMENT RIGHT OF THE UNITED STATES CONSTITUTION."

I

{¶ 8}   In his first assignment of error, appellant claims the trial court abused its discretion in overruling his motion for leave to file a petition for postconviction relief.  We disagree.

{¶ 9}   In his motion requesting leave, appellant claimed his arresting complaint lacked probable cause and his trial counsel was ineffective for failing to challenge the complaint.

{¶ 10} In its April 5, 2020 judgment entry overruling appellant's motion for leave, the trial court stated, "[a]ny error that occurs in the complaint or in failing to file a complaint is rendered harmless once the grand jury charges the Defendant by

indictment." Because an indictment was filed in this case, "any alleged deficiencies in prior complaints were rendered harmless by the issuance of an indictment in this case."

{¶ 11} In support of its decision, the trial court cited this court's opinion in *State v. Dave,* 5th Dist. Stark No. 2008-CA-00111, 2008-Ohio-5890. In *Dave,* the defendant pled guilty pursuant to a negotiated plea. He then challenged the validity of the original charging complaint via a petition for postconviction relief. The trial court denied the petition. This court affirmed the decision, finding the following at ¶ 22:

> Appellant's conviction, pursuant to the negotiated plea agreement was validly based upon charges set forth in the indictment. Appellant was not prosecuted on the initial complaint filed in Canton Municipal Court. Rather, appellant was prosecuted pursuant to an indictment issued on February 11, 1999, by the Stark County Grand Jury. Even if the complaint were invalid, it serves as no more than a nullity. See, *State v. Martin,* Lawrence App. No. 01 CA24, 2002-Ohio-6140, (holding, any alleged errors contained in the complaint are harmless and irrelevant as to appellant's convictions based on the grand jury indictment.) As a result there was no reason for counsel to raise any objection to the initial complaint.

{¶ 12} We adopt the same reasoning in this case. Appellant herein was prosecuted pursuant to an indictment and he pled guilty to charges included therein.

Any deficiencies in the arresting complaint, if they exist, are harmless. There was no reason for defense counsel to challenge the complaint.

{¶ 13} Upon review, we find the trial court did not abuse its discretion in denying appellant's motion for leave to file a petition for postconviction relief.

{¶ 14} Assignment of Error I is denied.

II

{¶ 15} In his second assignment of error, appellant claims the trial court abused its discretion in failing to determine whether there was just cause for delay before denying the motion. We disagree.

{¶ 16} It is undisputed that appellant's petition for postconviction relief would be untimely under R.C. 2953.23(A)(1). The trial court did not consider the untimeliness of the petition because it found the arguments advanced by appellant to lack merit. As discussed above, we agree with this decision.

{¶ 17} Upon review, we find the trial court did not abuse its discretion in not determining the issue of just cause for delay.

{¶ 18} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Wise, John, J. concur.


EEW/db